## WATTS V. WHITE.

1. DECREE AFFECTING EQUITY OF REDEMPTION. A decree cutting off and barring the lien of a junior incumbrancer, in a proceeding to foreclose a mortgage, does not have the effect to deprive him of any

Watts v. White.

right he may have under the "Act to provide for the redemption of real estate sold on foreclosure," approved April 2d, 1860.

2. PRACTICE IN FORECLOSURE. In a foreclosure proceeding, notice was served and a decree of foreclosure entered before the "Act to provide for the redemption of real estate sold on foreclosure," approved April 2d, 1860, took effect; and service of notice on a junior incumbrancer was not perfected until after said act went into force: *Held*, that such junior incumbrancer was not entitled to nine months in which to answer.

3. RETURN OF SERVICE: CODE CONSTRUED. Section 1723 of the Code of 1851, does not require that the return of service of an original notice shall show affirmatively whether a copy of the notice was demanded.

*Appeal from Warren District Court.*

TUESDAY, OCTOBER 22.

AT the February Term, 1860, a judgment of foreclosure was rendered against Parmleé and wife, the mortgagors, and a return of "not found" having been made as to the defendant White, a junior incumbrancer, the cause was continued for service as to him. In June following, White was personally served in the city of Baltimore, agreeably to the authority of § 1718 of the Code of 1851. At the succeeding term, in August, failing to appear, a decree cutting off his equity was entered. White alone appeals.

*Casady & Polk* for the appellant.

I. The return endorsed on the notice is insufficient in this; it does not state that a copy of the notice was given to, or demanded by, the defendant. Code of 1851, § 1721. *Dupont* v. *Downing*, 6 Iowa, 171; *Neally* v. *Redman*, 5 Ib., 387; *Davis* v. *Burt et al.*, 7 Ib., 56.

II. The decree is in direct conflict with the provisions of chap. 114, acts of 1860, p. 148, for the redemption of real estate sold on foreclosure of morgages.

III. The decree was rendered against appellant before

the expiration of nine months after the first service of notice. Chapt. 111, acts of 1860.

*C. C. Cole* and *John A. Kasson* for the appellee,

I. The service of notice was made in accordance with § 1718, Code of 1851, and is sufficient. The court took no "*personal* jurisdiction." Its jurisdiction was by virtue of the land situated in the county, and the only purpose and effect of the decree was to disencumber the land of that lien. This jurisdiction is always given by statute and exercised by courts, otherwise such rights might never be settled. Story Confl. L., §§ 538–9, 549, 551, 555, 558.

II. The Code of 1851, § 1721, does not require that the officer or person serving the notice shall state whether a copy of the notice was demanded; while § 1723 does require that if served personally, it shall state whether a copy of the petition was demanded. The law requires that a copy of the notice shall be delivered if demanded; and when the return is silent, the court will presume that the officer did his duty. *Hartwell* v. *Root*, 19 John. 345; *Kelly* v. *Connell*, 3 Dana 532; *Dollarhide* v. *Muscatine County*, 1. G. Greene., 158; *McGuffie* v. *Dervine*, Ib., 251.

III. The fourth assignment of error is, that the decree is in violation of the Act of the 1860 (chap. 114,) giving redemption. This objection is answered by the following facts:

(1.) That law was approved April 2d, 1860, and took effect by publication on April 13th, 1860.

(2.) The decree of foreclosure in this case was entered on the 16th of February, 1860, nearly two months before the law was in force, and was valid by the then existing law.

(3.) The mortgage was already foreclosed, and the decree against White was not a decree for a foreclosure of a mortgage, but a mere ancillary proceeding, under which he was

entitled to no rights beyond those of the mortgagor, under the principal decree.

IV. The temporary statute, chapter 110 of the laws of 1860, does not provide that a defendant shall not be required to appear, but that he shall not be held to answer. The defendant must appear at the next term, after due service, or he will be in default for want of an appearance, not for want of an answer. 1 Bouv. Law Dict., "judgment," §§ 16, 27; *Mann* v. *Howe, et al.*, 9 Iowa, 549; *Holt* v. *Smith*, Ib., 373; *Duncan* v. *Hobart*, 8 Ib., 338.

Lowe, C. J.—In the assignment of errors three points are made:

1st. There was no legal service.

2d. If there was, the decree was rendered before the expiration of nine months after the first service.

3d. That the decree as rendered against the defendant White is in conflict with the "act to provide for the redemption of real estate sold on foreclosure," approved April 2d, 1860.

As to this last point it is, perhaps, sufficient to remark that the object of the proceeding and decree against White was simply to cut off the equity of his lien as being junior to the mortgage on which the suit was brought; and that it has not necessarily the effect to deprive him of the benefits of the act above named, if there should be no other objection to the assertion of his rights. Whether such other objections may or shall exist, it will be time enough to determine when a case is made and the questions raised.

In regard to the second error, that the decree was rendered before the expiration of the nine months after the first service, we think a satisfactory answer will be found in the following facts: This suit was commenced in January, 1860, legal service was effected on the mortgagor, on the 20th of that month, and a judgment of foreclosure

entered on the 16th of February following, being some two months anterior to the taking effect of the act giving to the defendant in the foreclosure of mortgages nine months after the date of the service of the original notice to file their answer in. Upon what principle the defendant White can claim the benefit of this act, under the circumstances, is not readily seen. The judgment of foreclosure in this case was rendered against the mortgagor, before the passage of said law, and was complete, regular and valid under existing laws. It is true, the service was effected upon, and the decree rendered against White, after this law had taken effect; but the proceeding against him was merely ancillary and for the purpose of disencumbering the mortgaged premises of his lien. He was not in fact entitled to any rights beyond those of the mortgagor under the principal decree. And whether the decree was rendered against him within, or after the expiration of the nine months, could not make any difference as to his right to redeem (if that right existed at all,) was limited to twelve months from the day of sale under the decree foreclosing the mortgage sued upon, and not twelve months from the decree cutting off his equities.

The remaining points relate to the service, claiming that it was defective, because the return does not show whether a copy of the notice was demanded or served upon the defendant. We have never held that this should affirmatively appear in the return in order to show a complete service. Section 1723 of the Code provides that if the notice is personally served, the return must state whether a copy of the petition was required, and if so, to what point it was to be directed; but a similar return is not required in relation to notices. The service is completed by reading the notice to the defendant, unless he demands a copy, and then it is the duty of the officer to give it to him; and this, it would be well to state in his return, but if he does not, the court

may safely indulge the presumption that the officer or person making the service has done his duty under the law.

Judgment affirmed.