## WHITE V. WATTS.

1. **Sheriff's sale:** IN PARCELS. A sale of several tracts of land together,
and not in parcels, will be set aside on motion, or by proceedings in
equity for that purpose.

2. **Mortgage:** REDEMPTION. An incumbrancer not made a party to a fore-
closure proceeding is not bound by the decree therein, and is not cut off
from his right to redeem by a sale thereunder.

3. —— EFFECT OF SALE AND DECREE. When a subsequent incumbrancer
was not a party to a foreclosure proceeding at the time the decree was
entered thereon, nor at the time of sale, but was afterwards served with
the original notice of the pendency of the foreclosure proceeding, in
which no reference was made to the sale, and no rights were claimed
under the sale in the petition, it was held, that a decree by default
against him, on such notice and petition, "barring and foreclosing him
of any equity he might have in said lands, by virtue of his mortgage,

and that he have no right to redeem the same," did not cut off his right to inquire into the regularity of the sale.

4. Res adjudicata: MOTION. The defendant is concluded by a ruling of the court upon his motion to set aside a default, and cannot be heard to gainsay the correctness of such adjudication of the question therein presented.

*Appeal from Warren District Court.*

TUESDAY, DECEMBER 20.

THESE parties are mortgagees of certain lands; the mortgagor being John D. Parmelee, and the defendant having the prior lien. In February, 1860, defendant obtained a decree of foreclosure, and on the first day of May thereafter sold under a special execution, and bid in all the lands so mortgaged. Plaintiff was named as a party in the petition of defendant, in his foreclosure proceedings, but was not served until June 26th, 1860. The decree in favor of defendant, at the February Term, 1860, expressly continued the cause for service against plaintiff, and foreclosed the equity of the mortgagor and the other parties to the bill, after the sale of the premises upon the special execution therein ordered to be issued. In August, 1860, a decree was entered by default against White, in the case of *Watts v. Parmelee et al.*, and it was ordered that any equity which said plaintiff might have, *by virtue of his mortgage or otherwise*, in and to said lands, "should be foreclosed and forever barred, and that he have no right to redeem the same." In February, 1862, plaintiff moved to set aside the default, for want of sufficient service, which motion was, at the same term, overruled. Prior to this, in February, 1861, plaintiff moved to set aside the default and all subsequent proceedings, upon other grounds than in the motion of February, 1862. This motion was overruled, and this ruling afterwards affirmed in this court. On the 30th day of December, 1861, he filed this petition in equity in the pres-

ent case, asking to set aside said decree in favor of defendant, the sheriff's sale and the deed, and for leave to redeem; having, prior to that time, deposited with the clerk of the District Court the redemption money. The cause was heard upon the petition, amended petition, answer, depositions and documentary evidence, the bill dismissed, and plaintiff appeals.

*Polk & Hubbell* for the appellant.

*C. C. Nourse* and *Withrow & Smith* for the appellee.

WRIGHT, Ch. J. — Parmelee is insolvent, and it appears with remarkable certainty that the lands mortgaged are of 1. SHERIFF'S SALE: in parcels. sufficient value to pay both mortgages. There can be but little doubt that the sheriff sold the lands under the special execution in favor of Watts, in May, 1860, in a body, for a gross sum, and that they are clearly susceptible of advantageous division. There are five tracts of land, embracing in the aggregate 292 acres, and these were so improved and used that they might and should have been sold in distinct and separate parcels. That such a sale is irregular and will be set aside, either on motion or proceedings in equity for that purpose, there can be no doubt. *Boyd* v. *Ellis*, 11 Iowa, 97; *Bradford* v. *Limpus*, 11 Id., 260; *Lay* v. *Gibbons*, 14 Id., 377; *Grapengether* v. *Fejervary*, 9 Id., 163, and Code, §§ 3653–3661; *Ritter* v. *Henshaw*, 7 Iowa, 97.

If plaintiff was not a party to the foreclosure against Parmelee, in favor of defendant, of course he would not be 2. MORTGAGE: redemption. concluded thereby, and as a subsequent incumbrancer would have the right to redeem. If he was such party, and failed to assert his lien or rights, he would after the sale be barred of such equity. Until such sale neither the mortgagees nor subsequent incumbrancers are, under our statute, precluded or prevented from exercis-

ing their right of redemption (§ 3665). But suppose a case **3. —— effect of sale and decree.** where the subsequent mortgagee is not a party at the time of the decree in favor of the prior mortgagee, nor at the time of the sale, but is afterwards notified of the pendency of the foreclosure proceedings, with no information by such notice that a sale had taken place, and no claim, in the petition of such prior mortgagee, of any rights under or by virtue of the sale. Will a decree (the subsequent mortgagee making default), " barring and foreclosing him of any equity he might have in said lands, by virtue of his mortgage, and that he have no right to redeem the same," have the effect of perfecting defendant's title under his sale — and will it cut off plaintiff's right to inquire into the regularity of said sale and to redeem said lands? It seems to us that the fair construction of the language of such a decree is, that the court recognizes the priority of the mortgage thus foreclosed, and as against the right derived from or under the mortgage alone, orders that the subsequent mortgagee shall not be afterwards heard. The relief granted in such cases is to be controlled by the case made and what the petitioner asks. It will not be presumed that the court intended to go beyond the prayer of the petition and the facts or case stated therein, unless the language of the decree clearly shows such intention. And, therefore, unless it was the purpose of the court to confirm the sale and to conclude plaintiff thereby, and unless such purpose is manifest upon the face of the record, defendant ought not, as against plaintiff, and as to such sale, derive any advantage from the decree. If the defendant had by his notice claimed anything for the sale, or if he had by a supplemental pleading based any right thereon, or if the court had in any manner referred to and confirmed the same, or if plaintiff had been given the right to redeem therefrom within a time fixed, the equities of these parties would

have stood upon very different grounds. But aside from the effect to be given to the adjudications upon the motions of plaintiff filed in February, 1861 and 1862, it seems to us he is not barred of his right of redemption. For he was not in court before the sale; had no legal notice that it had taken place; and the decree does not undertake to confirm the same or conclude plaintiff thereby.

Then what effect shall be given to the orders of the court, overruling these motions? The object of the motion made in February, 1862, was to set aside plaintiff's default. The second was for a like purpose, and also to avoid the supposed effect of the decree of August, 1860. (For the true character of this latter motion, see *Watts* v. *White*, 12 Iowa, 330). In neither instance was the validity of said sale, nor the right of said plaintiff to inquire into its regularity, or to redeem the mortgaged premises, brought in question. So far as relates to the decree and plaintiff's default, we are of the opinion that he is concluded by the rulings of the court on said motions, and that he cannot be now heard to gainsay the correctness of such adjudications. The action of the court seems to relate directly to these questions, and plaintiff cannot, in this proceeding, review the action of the court thereon. This bill, however, is for a very different purpose, or at least that part of it under which we think plaintiff is entitled to relief. For though there was no excuse for this default, and though the court properly entered the decree, it did not have the effect of validating the sale, nor of barring a bill to redeem. We, therefore, need not inquire how far a court of equity would be authorized to interfere, if these motions had raised the question of the right of plaintiff to redeem, and the same had in a summary manner been passed upon by the law forum. (See, however, *Simpson* v. *Hart*, 14 Johns., 63, and authorities there cited.) The case of *Benedict* v. *Gilman* and another, 4

4. RES ADJU-
DICATA:
motion.

Paige, 58, cited by appellee's counsel, contains nothing to conflict with these views. On the contrary, so far as relevant, it recognizes the right of the prior incumbrancer to redeem. The main controversy there was, whether he should pay the amount of the prior mortgage, or the amount for which the mortgaged premises were sold. Here there is no such question, as the property sold for the whole amount due on the first mortgage. We conclude, therefore, that there are no sufficient grounds for setting aside the decree of foreclosure in favor of the defendant. Plaintiff, however, should be allowed to redeem from the sale of May 1st, 1860.

The decree below will, therefore, be reversed to this extent, and cause remanded for final disposition, in accordance with this opinion, at defendant's cost.