## Budd v. Durall & Searcy.

1. **Attachment:** BOND TO PERFORM JUDGMENT. The bond provided for by section 3191 of the Revision may, under the succeeding section, be taken and approved by the sheriff in vacation if offered before he returns the writ, or by the clerk after return has been made.

2. —— SERVICE OF WRIT. In an action on such bond, an averment in the answer that the writ was levied in a county adjoining the one in which the writ issued, more than twenty-four hours after the defendant in attachment left the latter, presents an immaterial issue, as it is the time the *property* levied upon has been removed from the county, and not the time defendant left, that is to be considered in determining the legality of the levy.

3. —— It will be presumed, in the absence of all showing, that the officer made the levy within the time allowed by law.

*Appeal from Monroe District Court.*

Thursday, April 10.

This action is brought upon a bond, of which the following is a copy:

"Know all men by these presents, that we, Durin Durall as principal, and Hardin Searcy as surety, are held and firmly bound unto D. E. Budd in the sum of $400, to the payment of which well and truly to be made and done, we bind ourselves by these presents. The condition of the above obligation is such that, whereas, the said D. E. Budd has sued out of the clerk's office of the circuit court of Monroe county, Iowa, an attachment against the property of the said Durin Durall, and the sheriff of said county has levied upon, by virtue of said writ, the following property, to wit: One large

light bay horse five years old, and a dark bay horse twelve years old, and now holds the same under said writ. Now, if the said Durin Durall shall perform said judgment of said court, this bond to be void, else not.

*July* 23, 1870.                              " DURIN DURALL,
                                                 " HARDIN SEARCY."

Breaches of the bond are properly alleged, and judgment prayed thereon.

The answer of the defendant Searcy, who alone makes defense, sets up, *first*, that the bond sued on is not authorized by law and therefore void; *second*, that the attachment was levied in Appanoose county, Iowa, more than "twenty-four hours after the defendant Durin Durall left Monroe county, by the deputy sheriff of Monroe county, and that the levy thus made was illegal and void; that acting under the belief that the attachment was legal and valid, and not knowing that the levy was made more than twenty-four hours after said Durall left the county, he signed the bond sued on."

The cause was tried by the court and judgment rendered for plaintiff, from which the defendant Searcy appeals. The further facts appear in the opinion.

*Perry & Townsend* for the appellant.

*Yocum & Robb* for the appellee.

MILLER, J.— I. The first assigned error is in admitting in evidence the bond sued on. On the trial defendant's counsel objected to the admission of the bond in evidence; *first,* " because it shows on its face that it is not a delivery bond as provided for by section 3219 of the Revision ; " *second,* " that it is not a bond to perform the judgment of the court as provided by section 3191 of the Revision; because it does not appear by the record that it ever was accepted or taken or approved by any court or judge." These objections were overruled and the bond with the indorsements thereon admitted.

That the bond is not one for the delivery of property, released from attachment, in satisfaction of the judgment as contemplated by section 3219, there can be no doubt, but in this fact we see no objection, either to its legality or its admissibility in evidence, the bond having been made under section 3191 of the Revision.

The second objection is that the bond was not approved by the court or judge. By an indorsement on the back of the bond it appears to have been "examined and approved and filed " by the clerk on the day of its execution.

1. ATTACHMENT: bond to perform judgment.

Section 3191 provides, that "If the defendant, at any time before judgment, causes a bond to be executed to the plaintiff, by one or more sufficient sureties to be approved by the court or by the judge, to the effect that the defendant shall perform the judgment of the court, the attachment shall be discharged and restitution made of any property taken under it or the proceeds thereof." Under this section the approval of the bond and sureties is to be by the court or judge. But the next section provides that the bond "may, in vacation, be executed in the presence of the sheriff, having the writ of attachment in his hands, or after the return of the writ, before the clerk with the same effect upon the attachment as if executed in court. The sureties in either case to be approved by the officer before whom taken."

Under this section the bond may be taken and approved by the sheriff, if in vacation, if he has not returned the writ, or by the clerk after such return has been made. There is nothing in the record to show that the writ had not been returned, or that the clerk was not authorized to take and approve the bond. The statute authorized it under a certain state of facts. We will not presume, in the absence of any showing, that those facts did not exist. We find no error therefore in the admission of the bond in evidence.

II. After plaintiff had introduced his evidence in chief and rested, the appellant proposed to introduce two witnesses for

2. —— service of writ. the purpose of showing that the defendant Durall left the county of Monroe, of which he was a citizen, with his family and teams conveying him, at twelve o'clock, noon, on the 19th day of July, 1870, crossing the line into Appanoose county at three o'clock in the afternoon of the same day, and that the levy of the attachment was made at 8 o'clock in the evening of the next day. This was objected to as immaterial and incompetent, which was sustained by the court. This ruling is assigned as error.

This evidence was properly rejected. There was no issue to which it was relevant or material. The answer of appellant alleges that the levy of the attachment was made in Appanoose county more than twenty-four hours after the *defendant Durall* left Monroe county, etc. This presents an issue entirely immaterial, inasmuch as it is not alleged that the levy was made in Appanoose county more than twenty-four hours *after the property levied upon* had been removed from Monroe county. The evidence offered would have supported an allegation like this, but such allegation was not made in the pleadings, and the matter alleged was immaterial  The statute provides that "if, after a writ of attachment has been placed in the hands of the sheriff, any property of the defendant is removed from the county, the sheriff may pursue and attach the same in an adjoining county within twenty-four hours after the removal." Rev., § 3188.  In respect to the authority of the sheriff to follow property removed from his county and attach it in an adjoining county under this section, it is utterly immaterial when the defendant in the attachment has removed from the county, or whether he has removed at all.

The sheriff may levy on the *property removed* within twenty-four hours after *its* removal into an adjoining county.

III. The court, against appellant's objection, permitted the plaintiff to prove by the testimony of the deputy sheriff who made the levy under the writ of attachment, that at the time of making such levy, 7 o'clock P. M., July 20, 1870, the defendant Durall said to him, that he had left Monroe county at 1 o'clock that same morning. This ruling is assigned as error.

If there was any error in the admission of this evidence (which we do not determine), it was error, without prejudice. The answer sets up no material fact impugning the regularity and legality of the levy, as we have already seen, and although it might be material for the plaintiff to prove that the levy was made within the time limited by law, after the removal of the property from the county, if there were an issue upon this fact in the pleadings, yet such proof was unnecessary when there was no such issue. It is not claimed that the plaintiff must show affirmatively in the absence of any proper issue, that the levy was regularly made. The statute does not make it the. duty of the sheriff in such case to show, by his return, that the levy was made within the time limited. And this being omitted from the return, it will be presumed, in the absence of any allegation or showing to the contrary, that the officer did his duty. *Watts* v. *White*, 12 Iowa, 330; *Cole* v. *Porter*, 4 G. Gr. 510; *Dollarhide* v. *Muscatine*, 1 id. 158; *McGuffie* v. *Dervine*, id. 251; *Barney* v. *Chittenden*, 2 id. 165; *Rowan* v. *Lamb*, 4 id. 468.

The judgment of the court below will be

Affirmed.