## KING v. PARKER ET AL.

1. **Taxation**: PLACE OF RESIDENCE OF UNMARRIED MAN. Upon consideration of the evidence in this case, (see opinion,) *held* that the residence of plaintiff (an unmarried man) for the purposes of taxation was not where certain of his trunks and clothing were kept, but in the county where he spent nearly all his time, and where his interests were, and where he allowed himself to be assessed for a small amount of his personal property without objection.

2. ———: BOARD OF EQUALIZATION: JURISDICTION: BURDEN OF PROOF. In an action to cancel an assessment made by the board of equalization of a city on the ground that the board had no jurisdiction to make it, the burden was on the plaintiff to prove the facts showing want of jurisdiction.

3. ———: INCREASE BY BOARD OF EQUALIZATION: WANT OF EVIDENCE: PLEADING. In such action, if it was competent to raise the objection that the board increased plaintiff's assessment of moneys and credits in the face of undisputed evidence that he did not have the moneys and credits on which the assessment was based, *held* that it was necessary for him to distinctly aver that fact in his petition; and that such fact was not averred by the statement that the board had increased his assessment "without any fact on which to act," when the words were used in such a connection that they would naturally be understood to refer exclusively to the evidence in relation to his residence in the county.

4. ———: ——: ADDING OTHER PROPERTY. The board of equalization of a city has authority, under § 830 of the Code, not only to increase the assessed value of a tax-payer's property assessed by the assessor, but to add other property thereto, and assess the same.

5. ———: ———: ———: NOTICE AND EVIDENCE: PLEADING AND PROOF. Where the action of a board of equalization of a city, in adding to plaintiff's assessable personal property, was sought to be set aside, *held* that the objection that the board acted without notice to plaintiff could not be raised unless pleaded, and that plaintiff had the burden to prove his allegation that the board acted without evidence.

## *Appeal from Montgomery District Court.*

### SATURDAY, OCTOBER 15, 1887.

ACTION for an injunction brought against the county supervisors, auditor and treasurer of Montgomery county, to cancel a certain assessment, and to prevent the defendants from enforcing the collection of the tax. The court dismissed the plaintiff's petition, and he appeals.

*W. S. Strawn,* for appellant.

*R. W. Beeson,* for appellee.

ADAMS, CH. J.—In April, 1885, the board of equalization of the city of Red Oak, Montgomery county, added to the

1. TAXATION: place of residence of unmarried man.

plaintiff's assessment $3,000 as moneys and credits. The plaintiff avers that it was beyond the jurisdiction of the board to make such assessment, and that the same is void.

The plaintiff claims that on January 1st, 1885, he was not a resident of Montgomery county, but of Burlington, Des Moines county. He so averred in his petition and so testified. The facts are, however, that he had no family, that he did not keep house, and was a mere boarder wherever he was. For the last six or eight years he had spent most of his time at Red Oak, Montgomery county, and had a postoffice box there. He does not appear to have voted, nor to have paid any taxes anywhere. According to his testimony, some of his clothing and his trunks remained in Burlington, and were at a private

boarding-house, where he had at times boarded; but it is not shown what proportion of his clothing was there, or how often he returned to it, or whether he had occasion to return to it at all. The evidence upon this point is so meager that we are led to suspect that the clothing, upon which considerable stress is placed in argument, was a trifling matter, and that the plaintiff seldom went to Burlington for any purpose, and remained there but little when he did go. It does not appear that he had any business there, or any property there which required any attention, or that there was any reason for his being there at any time. His property, as we conclude from the evidence, consisted almost entirely of money and credits and real estate, and the latter was in Montgomery and neighboring counties, and he spent his time at Red Oak, because his interests were such that it was more convenient for him to be there. When approached by the assessor of Montgomery county, he gave in a small amount of personal property, as if a resident of the county, and without a suggestion that he was a non-resident, and that his personal property was not properly assessable there. This, to our mind, is a very significant fact. Taking the evidence as a whole, we have reached the conclusion that the plaintiff regarded himself as really a resident of Montgomery county January 1st, 1885, though sometimes claiming to the contrary.

One position taken by the plaintiff in his argument is, that it was incumbent upon the defendants to prove that, at the time the board added the $3,000 of money and credits to the plaintiff's assessments, there was a quorum present, and that a majority concurred, and that they had some proper evidence to act upon. He claims that these matters are jurisdictional, and that nothing is to be presumed in favor of such a tribunal.

2. ——: board of equalization: jurisdiction: burden of proof.

But the defendants are not invoking the action of the court, and they have no burden imposed upon them until the plaintiff has made a *prima facie* case. He avers the want

of jurisdiction as the ground of relief, and it appears to us that it was for him to prove the fact upon which the alleged want of jurisdiction rests.

One other position taken by the plaintiff is that the undisputed evidence shows that he had no money or credits to assess. Without determining whether advantage could be taken of such fact, if true, by an action in equity to cancel the assessment, we have to say that no such fact appears to us to be pleaded. It is true that the plaintiff pleaded that the board assessed him $3,000 as money and credits " without any fact on which to act." But this averment is a part of the sentence which contains the averment that the plaintiff was a resident of Des Moines county, and we think that by a fair construction of the petition the plaintiff must be understood as meaning that his want of residence in Montgomery county was the want of fact referred to as necessary to give the board jurisdiction. There is no distinct averment that he had no such money or credits. Possibly we ought to understand the plaintiff as averring that the board acted without evidence that he had such money or credits. But that is quite a different averment, and we discover no evidence adduced in support of it.

*3. ———: increase by board of equalization: want of evidence: pleading.*

If the plaintiff designed to raise a question upon the existence of the money and credits, and if it is one which could properly be raised in this action, which we do not determine, it should, we think, have been raised by a distinct averment.

Another position taken by the plaintiff is that the adding to the assessment of other and distinct property was, in effect, making an original assessment, and that the statute confers no power to do that. Section 830 of the Code provides that the board may add to the assessment, as returned by the assessor, any taxable property in the township, city or incorporated town, not included therein. It appears to us that the power thus conferred was sufficient to

*4. ———: ———: adding other property.*

enable the board to add the money and credits in question. It is said, to be sure, that the money or credits, to be assessable by the board in the way attempted, should have been in the township or city when assessed, and that it does not appear that they were, but were constructively where the plaintiff resided, and that was in Burlington, Des Moines county. We have already said that we think that the evidence shows that the plaintiff's residence was not in Burlington. We may add that we think that the evidence shows that it was in Red Oak.

Finally, it is said that the power to make an original assessment cannot be constitutionally exercised by the board without evidence, nor without notice to the person assessed. To this we think it sufficient to say that the want of notice is not pleaded, and if the plaintiff relied upon his averment of a want of evidence before the board, we think it was incumbent upon him to prove it.

5. —— : —— : notice and evidence: pleading and proof.

We think that the district court did not err.

AFFIRMED.