STATE OF IOWA ex rel. IOWA STATE BOARD OF ASSESSMENT AND REVIEW et al., Appellees, v. BOARD OF SUPERVISORS OF WEBSTER COUNTY et al., Appellants.

No. 40641.

FEBRUARY 17, 1931.

*John E. Mulroney*, County Attorney, and *D. M. Kelleher*, for appellants.

*John Fletcher*, Attorney-general, and *Earl F. Wisdom*, Assistant Attorney-general, for appellees.

STEVENS, J.—I. On or about April 26, 1930, certain owners of land and taxpayers in Otho Township, Webster County, filed an application with the state board of assessment and review, asking that the assessed value of real property in said township be so reduced as to equalize the same with the assessed value of real property in other townships in said county. On June 17, 1930, after hearing said application, the state board instructed the board of supervisors of Webster County to reduce the assessed valuation of real estate in said Otho Township $10 per acre, and to require the auditor of said county to make all necessary alterations and corrections in his office to carry the same into effect. On July 8th, the board of supervisors, by resolution duly passed, declined to obey the order and direction of the said state board, upon the ground that the said board of supervisors was without jurisdiction or authority to in any way alter or change the assessed valuation of real property as fixed by the proper authorities in 1929, the odd-numbered year.

By the enactment of Chapter 205, the forty-third general assembly created a board to consist of three members, and to be designated as the state board of assessment and review. The act was approved April 18, 1929, and went into immediate effect on publication in certain designated newspapers of this state. Appointment of members of the board was duly made in accordance with the act, and confirmed by the senate in executive session.

Section 24 of Chapter 205, Laws of the Forty-third General Assembly, is as follows:

"The term 'executive council,' and the term 'council,' when such terms are used in lieu of the term 'executive council,' is

hereby stricken from Chapters 336 to 341, inclusive, and from Chapter 341-a1, Code, 1927, and the term 'state board of assessment and review' or 'state board' as the context may require is inserted in lieu thereof, and all pronouns in said chapters which now refer to said words 'executive council' or to said word 'council' are hereby co-ordinated with the change herein made.''

By Section 27 of said act, all laws or parts of laws in conflict therewith are repealed.

By Section 17, certain powers and duties not previously vested in or required to be performed by the executive council are given to the state board of assessment and review. So far as material to this controversy, the additional powers and duties conferred are as follows:

''(9) To require any county board of equalization at any time after its adjournment to reconvene and to make such orders as the state board of assessment and review shall determine are just and necessary; to direct and order the county board of equalization to raise or lower the valuation of the property, real or personal, in any township, town, city or taxing district, to order and direct any county board of equalization to raise or lower the valuation of any class or classes of property in any township, town, city or taxing district, and generally to make any order or direction to any county board of equalization as to the valuation of any property, or any class of property, in any township, town, city, county or taxing district, which in the judgment of the board may seem just and necessary, to the end that all property shall be valued and assessed in the manner and according to the real intent of the law.''

It is further provided by Section 10 of the act:

''The board shall be deemed to be in continuous session and open for the transaction of business every day except Sundays and legal holidays, and the session of said board shall stand and be deemed to be adjourned from day to day without formal entry thereof on its record.''

The act also constitutes the board of supervisors a county board of review, and provides that appeals may be taken by an aggrieved taxpayer from the action of the local board to the

county board of review. Section 28, Chapter 205. In so far as the provisions of Section 28 attempt to provide and authorize appeals from local boards of review to the county board of review, the act was held, in *Davidson Bldg. Co. v. Mulock*, 212 Iowa —, void for uncertainty. This holding does not, however, affect the questions involved on this appeal. Prior to the enactment of Chapter 205, Laws of the Forty-third General Assembly, the legislature had constituted boards of supervisors county boards of review for the purpose of adjusting the assessments in the several townships, cities, and towns of their respective counties at their regular meeting in June, with authority to ''add to or deduct from the assessed value of the property substantially as the state board adjusts assessments of the several counties of the state.'' Section 7137, Code, 1927. The duty which the state board of assessment and review seeks to have the appellant board of supervisors perform comes squarely within the power and authority conferred upon said board by the aforesaid section.

The act in question, Section 20, specifically authorizes the state board of assessment and review to prosecute ''actions of mandamus or injunction or any other proper actions in the district court or before any judge thereof, to compel the performance of any order made by said board or to require any board of equalization or any other officer or person to perform any duty required by this act.'' It is clear that the state board of assessment and review, in the matters involved herein, acted clearly within the specific authority conferred thereon by the legislature.

It is a matter of common knowledge that all property in this state is taxed annually, personal property being listed and assessed each year in the name of the owner thereof on the first day of January, and real property being listed and valued in each odd-numbered year only. Section 6959, Code, 1927.

It is conceded on behalf of appellees that no specific power or authority has been conferred by the legislature upon county boards of review to raise or lower the assessed value of real property as fixed by the proper authorities in each odd-numbered year after the final adjournment of said county board. The authority of appellees to direct the county board to reduce the assessment of a township so as to change the basis for computing

the amount of taxes on each tract in an even-numbered year is not given by direct reference to time of valuing real property for assessment; but, of course, no one contends that the legislature may not alter or change the method, manner, and time of assessing or valuing real property. If the valuation of real property properly fixed in an odd-numbered year by the local board of review of a given township is relatively too high, there would seem to be no reason why the legislature may not authorize any taxing body to reduce such valuation at any time for the purpose of fixing a new basis upon which to compute taxes for any given year. As stated, the legislature does not, in Chapter 205, in terms, refer to the statute which requires real property to be valued only in odd-numbered years. It does, however, in clear and specific terms authorize the state board of assessment and review to require county boards to meet for that purpose, and to direct them to reduce the valuation of real property in any given township so as to equalize the tax burden within their respective counties. There is no conflict presented at this point. The valuation of real property by the proper taxing authorities in odd-numbered years is distinct and independent of the authority conferred upon the state board of assessment and review to require the valuation for a given township to be reduced at any time for the purpose of equalizing taxes. The purpose for which a state board of assessment and review was created and Chapter 205 enacted, as expressed by the legislature, is that ''all assessments of property and taxes levied thereon be made relatively just and uniform in substantial compliance with law.'' Section 17, Paragraph 1. The authority conferred by Paragraph 9, Section 17, Chapter 205, upon the state board of assessment and review, is very broad and comprehensive. It should be stated that we are not in this case dealing with individual assessments, and all questions involving such are reserved. All conflicts in the provisions of the Code are wiped out by the repealing clause of Chapter 205.

II. The constitutionality of Chapter 205 is not questioned, by appropriate plea or otherwise. It is, however, suggested by counsel that a construction thereof so broad as that adopted by

 the trial court would necessarily violate the fundamental law. The act which authorizes the state board to direct county boards of equalization either to raise or lower the valuation fixed for the assessment of property contains no provision for notice. The omission of such provision is urged by counsel as a sufficient reason for holding that the direction of the state board, whatever it may be, must be made at the session appointed by law to review the acts of county boards of equalization for the current assessment year. Such construction would so limit the scope and effect of the act as to practically destroy its usefulness. It would also seem to be in direct conflict with the plain language of Section 17. The functions and duties of the state board continue, and are to be exercised whenever the necessity arises, to the end that equality in assessments, so far as that is possible, may be attained.

Notice of a proposed reduction in the valuation of property would seem to be superfluous. No owner of such property could be aggrieved thereby. Benefit, instead of prejudice, would follow. Prior to the enactment of Chapter 205, and as it now appears in the statute, unless changed by the repealing clause in said chapter, the law requires that written notice be given to the county auditor of the county in which the property is situated of a proposed raise in valuation before such raise may be made. Section 7142.

We are not here dealing with the authority of the state board or of a county board of equalization to raise the valuation of property without notice. None of the cases cited by appellant  involved reductions in assessments. If the action of the state board had been to direct the county board of equalization to raise the valuation, a different question might be presented. Without expressing an opinion as to the necessity of notice in such case, we reserve the question for future consideration, should it arise. If we give no broader interpretation to Section 17 than that clearly expressed by the language thereof, the particular duty of appellant board of equalization was ministerial in character, and involved the exercise of no discretion on its part. This being true, mandamus, under the statute, will lie, to compel action

1122

in accordance with the order of the state board. The decree of the trial court is right, and it is affirmed.—*Affirmed.*

All the justices concur.