BOARD OF TRUSTEES OF HIGHLAND TOWNSHIP, Appellant, v. COUNTY
BOARD OF REVIEW OF WASHINGTON COUNTY, Appellee.

No. 41581.

OCTOBER 25, 1932.

REHEARING DENIED MARCH 8, 1933.

Edmund D. Morrison, for appellants.

T. L. Brookhart and George F. Morrison, for appellee.

KINDIG, J.—Washington County is a political subdivision of
Iowa, organized as a county under the Constitution and statutes of
the state. Highland Township, in Washington County, is located,
according to the record, as the "second government township south
from the northeast corner."

In February, 1931, the assessor of Highland Township assessed,
for taxation purposes, the property located in the township on the
basis of 60% of the actual value thereof. Upon this basis, the local

Board of Review adjusted and equalized the assessments in the township. Thereafter, as required by statute, the county Board of Review, appellees herein, considered the assessments of all the townships in Washington County, and adjusted the same by increasing the assessment in Highland Township 15%. Because the county Board of Review thus adjusted the assessments between the townships of Washington County by raising the assessment in Highland Township, the township Trustees, as the local Board of Review of Highland Township, appellants herein, appealed to the district court.

As said in the preliminary statement, the district court affirmed the action of the county Board of Review. Complaint is made of this action of the district court by the township officials on the theory that inequality resulted when the Highland Township assessment was increased 15%. It is contended by the township officials that the properties in other townships of Washington County were assessed on the basis of 60% of the actual value, and that when the county Board of Review increased the Highland Township assessment 15% it thereby fixed the amount of the assessment in that township 15% over the 60% assessment in all the other townships of the county. This claim is denied by the appellee County Board, and it maintains that the assessments between the various townships of the county were adjusted equitably and according to law.

I. There is no evidence in the record, the county Board of Review contends, to show that the assessments in the townships of Washington County, other than Highland, were made on the basis of 60% of the actual value. Without such evidence, it is concluded by the county Board of Review that there is no foundation for the claim made by the township Trustees that the property in their township is assessed unfairly or inequitably when compared with the assessment of the properties in other townships in the county.

The Township Trustees, on the other hand, insist that there is a presumption available to them at this juncture. Aided by this presumption, the Township Trustees argue that there is a basis in the record on which it can be held that there is inequality between the assessments of Highland Township and the assessments in the other townships of Washington County. If it is presumed that the land, for assessment purposes, in all the townships of Washington County except Highland was made on a basis of 60% of the actual value of the property therein, but the property in Highland Township was valued at 15% above that value, then the Township Trustees argue

that the presumption has aided them in showing an inequality. According to the township officers, this presumption arises out of a letter said to have been written by the Iowa State Board of Assessment and Review to the various assessing bodies in the state, indicating that for the year in question property should be assessed and equalized on the basis of 60% of the actual value thereof. Hence, it is claimed by the township officers that they are entitled to the presumption that the reviewing boards in the townships of Washington County other than Highland assessed the properties therein on the basis of 60% of the actual value.

Continuing their thought at this place, it is further claimed by the Highland Township officials that they are entitled to the additional presumption that the appellee County Board of Review, in adjusting the assessments between the various townships of Washington County, other than Highland, likewise fixed the assessments on the basis of 60% of the actual value of the properties assessed. Apparently in February, 1931, the state Board of Assessment and Review did write a letter "to all County Boards of Supervisors," wherein was stated the intention of the state body to equalize certain assessments on the basis of 60% of the true value. In reply to this proposition, the Board of Review declares that in no event can the Board of Assessment and Review repeal or overcome the statutes of Iowa relating to the methods of valuing property for assessment purposes.

Section 7109 in the Codes of 1927 and 1931 provides:

"All property subject to taxation shall be valued at its *actual value* which shall be entered opposite each item, and, except as otherwise provided, shall be assessed at twenty-five per cent of such actual value.

"*Such assessed value* shall be taken and considered as the *taxable value* of such property upon which the levy shall be made.

"In arriving at said actual value the assessor shall take into consideration its productive and earning capacity, if any, past, present, and prospective, its market value, if any, and all other matters that *affect the actual value* of the property; and the burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, or inequitable." (Italics are ours.)

"The one paramount object which the law seeks to insure in distributing the burdens of taxation is equality, and this is the chief

end to be gained by insisting that all property shall be assessed *at its actual value.*" (Italics are ours.) Hawkeye Portland Cement Co. v. Board of Review, 205 Iowa 161 (local citation 165).

"Under the present taxation laws, the theory is that all property shall be *assessed at actual value.*" (Italics are ours.) Chapman Bros. v. Board of Review, 209 Iowa 304 (local citation 309).

Manifestly, then, according to the statute, there is but one way to value property for taxation purposes, and that is in accordance with its *actual value.* Section 7109, above quoted, has not been repealed or modified by Chapter 329-C2 of the 1931 Code.

"The purpose for which a state board of assessment and review was created * * *, as expressed by the legislature, is that 'all assessments of property and taxes levied thereon be made relatively just and uniform in substantial compliance with law.'" State ex rel. Iowa State Board of Assessment and Review v. Board of Supervisors, 211 Iowa 1116 (local citation 1120).

The aim of the legislature in creating the State Board of Assessment and Review was to accomplish uniformity, equality, and justice. There is no basis in the law to say that the legislature intended to bestow upon the State Board the power to invalidate existing statutes relating to the methods of valuing property for assessment purposes. At all times Section 7109, above quoted, remains the basis for valuing property that is to be assessed. Each assessor must recognize that statutory basis because it is his statutory duty so to do. No one, then, until the legislature so declares, can change that duty imposed upon the assessor. Consequently there is no presumption that the property in any township of Washington County was assessed on the basis of 60%, as distinguished from the actual value thereof. Nor can it be presumed that any reviewing board proceeded upon the theory that the property in any township was not assessed on the basis required by statute.

On the other hand, it will be presumed that the assessor (Section 7109, 1927 and 1931 Codes) and the township Board of Review in Washington County, other than Highland Township, until the contrary appears, performed their duties as required by law in making the assessment. Hawkeye Portland Cement Co. v. Board of Review (205 Iowa 161), supra; Sioux City Bridge Co. v. Board of Review, 192 Iowa 1224; Benson v. Town of LeClaire, 185 Iowa 506;

First National Bank v. City Council, 136 Iowa 203 (local citation 208) ; Frost v. Board of Review, 114 Iowa 103, local citation 109; King v. Parker, 73 Iowa 757. Those cases have reference to the local or township Board of Review, rather than the county Board of Review.

Nevertheless, it is obvious that the same presumption, until the contrary is shown, does apply to the action of the county Board of Review. Code Section 7137 provides:

"The board of supervisors shall constitute a county board of review, and shall adjust the assessments of the several townships, cities, and towns of their county at their regular meeting in June, and add to or deduct from the assessed value of the property substantially as the state board adjusts assessments of the several counties of the state."

Upon previous occasions, this court has deemed it necessary to express the purpose and powers of the county Board of Review. In Sheakley & Kennedy Bros. v. Board, 178 Iowa 956, this court said, reading on page 960:

"* * * We think the defendant board [County Board of Supervisors], sitting as a board of equalization, had jurisdiction and authority to adjust and equalize the valuation * * *."

Again it was declared in Montis v. McQuiston, 107 Iowa 651, on page 652:

"The county board was authorized to 'equalize the assessments of the several townships, cities, and incorporated towns of their counties,—substantially as the state board equalizes assessments among the several counties of the state.' "

Obviously it must be here presumed, as in the case of the township Board of Review, that the action of the county Board of Review is correct, just, and equitable. See Budd v. Durall & Searcy. 36 Iowa 315; Spitler v. Scofield, 43 Iowa 571.

Under the only presumption available, then, it must appear that the property in all the townships of Washington County, other than Highland, were assessed, adjusted, and equalized on the basis of the actual value thereof, as required by Code Section 7109. Certainly there can be no presumption that the assessors in the townships other than Highland violated the express provisions of the

Code and assessed the properties within their respective jurisdictions at 60% of, rather than according to, the actual value of the property. Neither can it be assumed that the local Boards of Review or the county Board of Review failed to follow the statute in equalizing and adjusting the assessments. Therefore there is no presumption available to the township officers that the property in the townships, other than Highland, was assessed on the basis of 60% of the actual value. Without the presumption claimed by the township trustees, they have no foundation to declare that the assessment in their township, as fixed by the county Board of Review, is inequitable, unfair, and unjust when compared with the assessments fixed by the county board in the other townships of Washington County.

So far, then, as the presumption is concerned, the township officials have no basis on which a reversal of the district court judgment can be predicted.

II. The claim, nevertheless, is made by the township officers that they did furnish some evidence: First, to show the value of the lands and property in Highland Township; and, second, to indicate such values in the other townships of the county. Such evidence thus referred to by the township officers consists of the prior tax records in Washington County covering the previous 15 years.

Likewise, it is argued by the township officers that such evidence indicates the present assessed values of the properties in the various townships, other than Highland, because these tax records designate what had been done therein for a period of fifteen years or more. This so-called evidence is nothing more than the action of the taxing officers in the various townships in, and the Board of Review of, Washington County. In the first place, the county board insists that such evidence is not admissible because it is merely ex parte and no opportunity was afforded it to cross-examine the various witnesses concerned. At least, so far as the township trustees attempted to prove the current assessment in the various townships, the valuation of the property made therefor, and the action of the county board of review thereon, the objection should be sustained. See Dudley v. Minnesota & Northwestern Ry. Co., 77 Iowa 408. Whether the evidence offered would be admissible for any other purpose, we do not now decide.

These tax records of previous years are certainly not admissible, however, to prove the actual value of the property in any township for the current year. Nor can those assessment records for previous

years indicate what the various assessing bodies decided in reference to taxation for the current year. Section 6959 of the Code requires that real estate shall be listed, assessed, and valued in each odd-numbered year. Other property, so far as material here, according to Section 7106 of the Code, shall be listed, valued, and assessed each year. For some property, then, there must be a new listing, valuing, and assessing each year, and even real estate named in Section 6959 must be valued and assessed every two years. Each assessment presupposes a new valuation. Such new valuation contemplates that the various officers and boards having jurisdiction must exercise judgment to the end that just and equitable assessments are made. It is well known that conditions vary from year to year, and from time to time. A valuation on a specific piece of property made for one assessment year by the officers then in charge, might be entirely different from another valuation fixed by the officers in authority at a later time.

Resultantly, it is apparent that the township officers have not furnished evidence upon which to base error in the adjustment and review made by the appellee county Board of Review. The township officers have failed to show: First, that the assessments of the properties in the townships other than Highland were made on the basis of 60% of the actual value; second, that the actual value of the properties in the townships other than Highland, as fixed by the assessing officers, was made upon any different basis than that required by statute; and, third, that the adjustment and equalization made by the county Board of Review among the various townships of the county is unjust or inequitable.

Wherefore, the judgment and decree of the district court must be, and hereby is, affirmed.—Affirmed.

STEVENS, C. J., and EVANS, FAVILLE, ALBERT, WAGNER, and BLISS, JJ., concur.