## BURNHAM v. BARBER ET AL.

1. **Taxation:** ASSESSMENT: SUPERVISORS MAY CLASSIFY BUT NOT VALUE PROPERTY. The board of supervisors has authority to classify property for the purposes of assessment, but not to fix the value of the property in the several classes. (Code, § 821.) The law requires that the assessor fix the value of each person's property according to his own best judgment.

2. ——: INEQUALITY OF ASSESSMENT: REMEDY. Where the board of supervisors inequitably and without authority fixed the value at which all prairie lands, improved and unimproved, should be assessed, and the assessor followed such valuation in making the assessments, an owner of unimproved prairie land, which was assessed at less than its real value, but too high in comparison with the improved lands, was entitled to have the assessments in the township equalized by the township board

of equalization, and upon their failing to give him proper relief, the circuit
court should have done so upon an appeal; but where the circuit court
in such case refuses the proper relief, and the case comes to this court,
and is reached after most of the taxes have been paid, and when to
make a radical change in the whole assessment would create great con-
fusion, the plaintiff is entitled, at least, to have the assessment of his
land reduced to a proper ratio, and such relief is granted in this case.

*Appeal from Emmet Circuit Court.*

THURSDAY, OCTOBER 28.

THE defendants constitute the township board of equaliza-
tion. From the decision of such board the plaintiff appealed
to the circuit court, and asked that the assessment for the
purpose of taxation of certain described real estate belong-
ing to him be reduced to two dollars per acre, or that the
valuation of improved real estate be increased, so as to equal-
ize the burdens of taxation. The court denied the relief
asked, and the plaintiff appealed to this court.

*Soper & Allen*, for appellant.

*J. W. Cory*, for appellees.

SEEVERS, J.—The material facts were agreed upon and
are contained in the record before us. The real estate owned
by the plaintiff is the S. $\frac{1}{4}$ of section 27, in township 100,
range 24. The assessment complained of was made in 1885.
In January of that year the board of supervisors classified
the property in Emmet county as follows: "　　*　　*　　*
Prairie lands, $3.75 per acre." A copy of such classification
was given to each assessor prior to his making the assess-
ment. The plaintiff's land is actually worth $6 per acre.
The value of unimproved prairie lands in the township is
from $6 to $10 per acre. The actual value of improved
farms is from $10 to $25 per acre. All of this land, includ-
ing both the improved and unimproved, was assessed at the

uniform value of $3.75 per acre.   Timber land is of the value of from $20 to $50 per acre, and it was assessed at from $5 to $6 per acre.   Other facts were agreed upon showing the location and character of the plaintiff's lands and other lands near, for the purpose of enabling the court to arrive as nearly as possible at the value of the lands in said township.

I.   The board of supervisors has the power and authority to classify for the purposes of taxation and convenience of

1. TAXATION:
assessment:
supervisors
may classify
but not value
property.

the assessor the several kinds of property subject to taxation, and a copy of such classification must be furnished each assessor.   Code, § 821. But the board has no authority to fix the value of such property.   For instance, milch cows may constitute one class, yearling cattle another, and those two years old another.   Horses (geldings) may constitute one class, and mares another, etc.   Unimproved prairie land may be classified as such; but, however classified, each description of property must be assessed and valued by the assessor.   It is his judgment which the statute demands.   It may not be possible for him to personally examine each forty-acre tract of land in his township, but by inquiry, and as best he can, he must arrive at and fix its value.   If he should assess any or all of the real estate too high, upon complaint of the taxpayer, it may be reduced, or his assessment may be either reduced or increased by the township board of equalization, and the county board of equalization may correct the assessment so as to equalize it between the several townships and towns in the county.   Code, §§ 829–831, as amended by chapter 109 of the Laws of 1880.   It is evident that the assessor did not value the real estate in accordance with his own judgment.   He simply adopted the valuation fixed by the board of supervisors; for it cannot be supposed that the improved and unimproved land is of uniform and equal value.   The former, undoubtedly, is of greater value than the latter.   We cannot believe that all of the unimproved land is

of equal value, but, if it was all so assessed, it may be that such an assessment should be sustained because of the great difficulty in reaching a better or more correct result, unless a portion of the land is known to be wet, swampy or otherwise of an undesirable character. Absolute equality in the assessment and burdens of taxation is impracticable. While this is so, the law requires that the best possible results in this direction should be attained; and, conceding that all property placed in one class by the supervisors should be assessed at the same value by the assessor, if the result is inequitable, then, upon the complaint of a tax-payer, it is the duty of the board of equalization to correct such inequality, as hereafter stated.

II. Real property should be assessed at its "true cash value." Code, § 812. As the plaintiff's land had been assessed at less than such value, and as all the other unimproved prairie land has been assessed at the same value, it is said that he has no just ground of complaint. If there was no other statute than the foregoing, the proposition first stated would be conceded. It is provided by statute that "any person feeling aggrieved at anything in the assessment of his property may appear before the board of equalization, * * * and have the same corrected as to said board may seem just and equitable. * * *" Code, § 831, as amended as above stated. Now, how is the plaintiff aggrieved? Clearly, we think, in assessing his property at a greater valuation than it should be when the valuation fixed upon improved lands is fixed at the same as his. Because of such assessment the burden of taxation cast upon the plaintiff is greater than it would be if the improved lands had been fixed at their true value. It is not a sufficient answer to say that because the assessor failed to do his duty the plaintiff is not aggrieved, because it was the duty of the board to correct the assessment so as to make it just and equitable. The circuit court should have done what the board failed to do; and because of such failure

*Margin note: 2. ——: inequality of assessment: remedy.*

the case has been brought by appeal to this court, and we are somewhat at a loss to know what we should do at this late day.

The board should have increased the valuation of improved lands, and the circuit court might, possibly, without injuring any one, have corrected the assessment. But the taxes have now been largely paid, and to make a radical change in the whole assessment would create great confusion, and possibly do great injustice to the tax-payers in the township, as compared with those of other townships and in other portions of the state. Without affirming or denying our power in this respect, we think it best, under the circumstances, to simply reduce the valuation fixed upon the plaintiff's real estate to $2 per acre, which is all he asks if the assessment on other lands is not raised. To such relief, at least, the plaintiff is, in our opinion, clearly and equitably entitled. To some extent, at least, the views herein expressed are sustained by *Davis v. City of Clinton*, 55 Iowa, 549; *Dunleith & D. Bridge Co. v. Dubuque Co.*, Id., 558; *Beeson v. Johns*, 59 Id., 166.

The judgment of the circuit court is reversed, with directions to enter a decree in accordance with this opinion, or the plaintiff, at his option, can have a decree in this court.

REVERSED.