August Barz, Appellee, v. Board of Equalization of the Town of Klemme and Others, Appellants.

**Taxation:** EQUALIZATION: APPEAL: LIMITATIONS. The time within
1 which to appeal from the action of a board of equalization of taxes commences to run upon its final adjournment, and not from the date of an adjourned meeting for the purpose of giving notice to taxpayers of the determination to increase or refusal to reduce assessments.

**Sufficiency of complaint.** A taxpayer is not required to make written
2 objection to his assessment, but an oral complaint made to the board of equalization directing attention to the assessment claimed to be unjust is sufficient.

**Equalization of taxes.** Although a taxpayer concedes that his
3 property is not assessed at its real value still he has a just cause of complaint, which the board of equalization should rectify, if it is assessed higher than other like property in the same jurisdiction.

*Appeal from Hancock District Court.*— Hon. C. P. Smith, Judge.

Saturday, March 9, 1907.

Appeal from judgment of district court modifying the assessment of certain real estate for taxation.— *Affirmed.*

*J. E. Wichman,* for appellants.

*Ripley & Warner,* for appellee.

Weaver, C. J.— Plaintiff is the owner of a tract of 101 acres of farm land and six town lots, all within the limits of the town of Klemme, in Hancock county, Iowa. In the assessment of said property for taxation in the year 1905 the assessor listed the farm land at $36 per acre, and the town lots at an average value of about $50 per lot. Plaintiff appeared before the board of equalization and asked a reduc-

tion in the assessment upon both farm and town lots. The board refused to take any action as to the farm and voted to reduce the valuation of the town lots, but later reconsidered the latter action and left the valuation as fixed by the assessor unchanged. Having met and considered and passed upon the assessment roll, raising some assessments, lowering others, and refusing applications for reduction as to still others, the board adjourned from April 4th to April 10th to give time for service of notice upon those owners whose assessments had been increased, and on the date named the work of equalization was completed and final adjournment had. The appeal was taken on April 26, 1905. The district court sustained the claim of the plaintiff in part, and ordered a slight reduction in his assessments.

I. Objection is raised that the appeal to the district court was not taken in time, and that the judgment by the court is void, for want of jurisdiction. The statute (Code, section 1373) provides that any person aggrieved by the action of the board of equalization may appeal to the district court by serving the proper notice upon the chairman of the board "within twenty days after its adjournment." This appeal was confessedly taken within twenty days after the final adjournment of the board on April 10th, but we are asked to hold that the twenty-day period began with the intermediate adjournment, which was taken on April 4th. This we are not disposed to do. Though the order or ruling in the particular case may have been made on the earlier date, yet the board still retained jurisdiction of the assessment roll until its final session had been held. Until by its final adjournment the board had placed it beyond its power to further review the property valuations no right of appeal existed, and then, and not till then, the time for serving the necessary notice began to run. The objection to the jurisdiction of the court must be overruled.

II. Appellants say there is no sufficient showing of

1. TAXATION: equalization: appeal: limitation.

complaint by plaintiff to the board of equalization. The property owner is not required to make written complaint. He may appear in person and orally present his objections to the assessment. Code, section 1373. It does sufficiently appear in this case that plaintiff attended both the first and the adjourned meetings of the board, and that he was there, claiming that his property was overassessed and asking for a reduction. This we think is all that was required. The law clearly intends that the proceeding need not be of a strictly formal character, and that any complaint which directs the attention of the board to the particular matter in respect to which the taxpayer claims the assessment to be unjust is all that is required. This appears to have been done in the present case.

2. SUFFICIENCY OF COMPLAINT.

III. The plaintiff does not claim that his property is not worth the amount for which it is assessed, but does claim, and the court so found, that it was so assessed in comparison with other property in that taxing district as to be subjected to an unfair and inequitable proportion of the public burdens. Counsel says that this confession defeats plaintiff's case, and makes necessary a reversal of the judgment below. The argument is that as the statute provides for the assessment of all property at its full cash value, and as the plaintiff concedes that his property is worth in the market all it is assessed for, he has nothing of which to complain. Within a restricted sense this is true, but in the broader and more equitable sense it is not true. The one paramount object which the law seeks to insure in distributing the burdens of taxation is equality, and this is the chief end to be gained by insisting that all property shall be assessed at its true value. If, however, in a given taxing district there are a hundred tracts of land of substantially equal market value, owned by as many different proprietors, and one of these is assessed at twice the valuation placed upon any of the others, then, if we are compelled

3. EQUALIZATION OF TAXES.

to hold that he against whom this discrimination is made is without legal ground of complaint because it appears that his property is worth its assessed valuation, we shall have made the very provision which was intended to secure equality the effective instrument for enforcing inequality. This question was before us in *Burnham v. Barber*, 70 Iowa, 90, and we there held that, although the statute required property to be assessed at its "true cash value," and the property in question was not assessed above such value, yet being assessed too high in proportion to other taxable property in that jurisdiction, he sustained a "grievance" which the board of equalization was in duty bound to rectify, and, failing to do so, the court would make proper correction of the assessment upon appeal. That precedent is controlling in the case at bar. The present statute requiring assessment at the actual value of the property is no more direct or unequivocal in terms than was the statute under which the Burnham case was decided, and the reasoning then employed is equally applicable now. Plaintiff had no legal remedy to enforce or demand that the valuation of the property of others should be raised to the level of his own, even though such may have been the duty of the assessor and the board of equalization. He could take no appeal from the refusal of these officers to thus equalize the assessments, and the only remedy available to him was to ask that his own assessment be lowered to a basis of equality with other property in that district. If his appeal could have been promptly heard, it is possible (though we do not decide) that the court could have ordered the board to equalize the assessment by advancing the valuation of all property to the standard set by the statute, but to attempt such a remedy after taxes have been extended upon the assessments, and more or less of them have doubtless been paid, would be to create inextricable confusion and possible hardship. The remedy applied by the district court would therefore seem to be the one which will most nearly effect an equitable result.

IV.   It is said finally that the evidence does not sustain plaintiff's claim of overassessment as compared with valuations placed on other like property.   We shall not enter upon any discussion of the testimony in this respect.   It was conflicting in character, but we agree with the conclusion of the trial court that its preponderance is with the plaintiff.

The judgment of the district court was right, and it is *affirmed.*