R. G. REINIGER, Appellee, v. BOARD OF REVIEW OF THE CITY OF CHARLES CITY, Appellant.

**Taxation:** ASSESSMENT OF PROPERTY: EQUALITY. An assessment of property must be fair and equitable, as compared with the valuation and assessment of other like property in the same jurisdiction, so that no particular piece of property will be made to bear an unjust proportion of the public burden. This rule is not modified by chapter 60 of the Acts of the Thirty-Second General Assembly relating to appeals.

*Appeal from Floyd District Court.*—HON. C. H. KELLY, Judge.

FRIDAY, NOVEMBER 15, 1912.

APPEAL from a judgment of the district court reducing an assessment upon certain real estate in the city of Charles City owned by plaintiff from $5,000 to $4,200. —*Affirmed.*

*J. C. Campbell,* for appellant.

*J. H. Lloyd,* for appellee.

DEEMER, J.—The city assessor valued plaintiff's real estate for assessment at $3,200, and the board of review upon due notice raised the assessment from $3,200 to $5,000. Plaintiff appealed to the district court and upon a hearing there the assessment was reduced to the sum of $4,200, and the board of review appeals. The property consists of two lots in what is known as block 47 in Kelly & Co.'s addition. These lots are near the business section of the city, and near the site selected for the United States postoffice. Immediately south of the lots is a lumber yard, and upon the southwest corner of the block is a church. Across the street to the east is a brick store building. The witnesses introduced at the trial showed the property to be worth from $7,000 to $8,000, but their testimony was directed to other adjoining and adjacent property, showing that all of it was much undervalued both by the assessor and the board of review. It is claimed that the judgment rendered by the court placed a fair and equitable valuation upon the property considered with reference to other property in the vicinity, and this, we think, is true. But appellant contends that each assessment should stand upon its own bottom, and that the valuation fixed by the board should have been approved and confirmed by the district court. This is not the rule, unless it be true, as appellant contends, that chapter 60, Acts 32d General Assembly makes it so. Under holdings prior to the adoption of that statute all assessments must be equitable and fair, and no piece of property made to bear an unfair or inequitable proportion of the public burdens. *Barz v. Board of Equalization,* 133 Iowa, 563, and cases cited. Acts 32d General Assembly (chapter 60), hitherto referred to, did nothing more than authorize an appeal by any officer or interested municipality or by a taxpayer. It reads as follows:

Any officer of a county, city, town, township or school district interested or a taxpayer thereof may in like manner make complaint before said board of review in respect

to the assessment of any property in the township, city or town, and an appeal from the action of the board of review in fixing the amount of assessment on any property concerning which such complaint is made, may be taken by any of such aforementioned officers. Such appeal is in addition to the appeal allowed to the person whose property is assessed and shall be taken in the name of the county, city, town, township or school district interested and tried in the same manner, except that the notice of appeal shall also be served upon the owner of the property concerning which the complaint is made and affected thereby or person required to return said property for assessment. Upon trial of any appeal from the action of the board of review fixing the amount of assessment upon any property concerning which complaint is made, the court may increase, decrease or affirm the amount of the assessment appealed from.

Surely it was not the intent of the Legislature in, adopting this statute to change the general rule that all assessments must be as nearly equal as the facts will justify; and equitable among the several property owners.

The trial court found that to make this equality the assessment of plaintiff's property should be reduced to the sum of $4,200. With this conclusion we are inclined to agree. But, if we were not entirely satisfied, the finding of the court has such support that we should not interfere.

The judgment must be, and it is,—*Affirmed.*