IOWA CENTRAL RAILWAY COMPANY, Appellant, v. BOARD OF REVIEW OF ELIOT TOWNSHIP, LOUISA COUNTY, IOWA, Appellee.

**TAXATION:   Equalization of Assessments—Undervalued But Inequitable Assessment.**   Assessing property at *less* than its actual value still leaves the taxpayer with a grievance, which may be corrected on appeal from the action of the board of review, when it is made to appear that such property is assessed higher, proportionately, than other property in the same taxing district.   So held where an interstate bridge was assssed at about 66¾ per cent. of its true value, while other property, real and personal, in the same district was assessed at about 40 per cent. of its true value, the relief granted being a reduction of the bridge assessment to the 40 per cent. basis.   (Secs. 1305, 1373, Code Supp., 1913.)

**TAXATION:   Interstate Bridges—How Assessed and Taxed.**   Mississippi and Missouri River bridges should be assessed and taxed on the same basis as all property, real and personal, our statute not having classified such bridges as strictly real, or strictly personal, property.   (Sec. 1342, Code, 1897.)   So held where issues necessitated a comparison of an assessment on such a bridge with assessments on other property.

**TAXATION:   Equalization of Assessments—Estoppel.**   One seeking to correct an inequitable assessment because not in proportion to assessments on *other* property, is not estopped from insisting on the disparagement in such assessments because he files with the board of review a request that such *other* assessments be raised, and later dismisses such request.

*Appeal from Louisa District Court,*—W. S. WITHROW, Judge.

FRIDAY, MAY 5, 1916.

IN 1911, appellant was the owner of a certain bridge

across the Mississippi River, extending from a point in Eliot Township, Louisa County, Iowa, to a point in the city of Keithsburg, Illinois. A portion of this bridge, being within the limits of the above named township, is taxable in Iowa, under the statute. The assessor for Eliot Township fixed the value of that portion of the bridge taxable in Iowa at $800,000. The railway company appeared before the board of review of Eliot Township and objected to the valuation fixed by the assessor, and this valuation was by the board of review reduced to $400,000. From this, the company appealed to the district court, and, after trial in that court, the valuation of the bridge was fixed at $335,000. The railway company, deeming this valuation too great as compared with the valuations placed upon other property, has appealed to this court from that part of the decree which fixes the valuation for purposes of taxation at the last named figure. The district court found the value of the entire bridge across the river to be $570,000; it fixed the value of that portion of the bridge lying west of the middle of the main channel of the river, and therefore taxable in Iowa, at $502,000. The court found that, as a matter of law, the railway company should be taxed upon that part of its bridge which is taxable in Iowa in the proportion that is applied to property for purposes of taxation in the taxing district in which said property is situated. A further statement of facts appears in the opinion.—*Reversed.*

*W. H. Bremner, F. M. Miner* and *Burrell & Devitt,* for appellant.

*W. E. Blake* and *H. O. Weaver,* for appellee.

PRESTON, J.—No complaint is made by appellant of the finding of the court as to the true value of that portion of the bridge located in Iowa. Defendants have not appealed therefrom, and no question is raised as to the correctness of that finding, and the record does not contain all the evidence upon that point.

At the trial in the district court, the appellant offered evidence for the purpose of establishing the basis upon which other property in Eliot Township and in Louisa County generally was assessed. This evidence consisted of the testimony of witnesses as to the actual value of certain tracts of land located in Eliot Township and other townships in Louisa County; the assessor's record showing the assessed value of such tracts of land; general testimony from those who were in a position to know as to the general basis upon which valuations for purposes of taxation were fixed throughout Eliot Township and Louisa County generally, as compared with true values. The values given by witnesses were as of January 1, 1911.

1. TAXATION: equalization of assessments: under-valued but inequitable assessments.

It is contended by appellant that, to fix the value for purposes of taxation at $335,000, which is 66.73 per cent. of its true value, while lands which constitute 86.2 per cent. in value of the total property assessed in the township in which the property under consideration is located, and other lands in the county, were assessed at 37.55 per cent. of their true value, and the taxable value of all property in the township and county was 40.6 per cent., is to cast upon appellant an unjust burden of taxation, and that its property was assessed higher proportionately than other property in the county.

1. There is no controversy between counsel as to the law of the case. Section 1342 of the Code provides that:

". . . all railway bridges across the Mississippi and Missouri Rivers, and grain elevators, shall be subject to assessment and taxation on the same basis as property of individuals in the several counties where situated."

And Article 8, Section 2, of the Constitution of Iowa, provides that the property of all corporations for pecuniary profit shall be subject to taxation the same as that of individuals. Other articles of the Constitution and the decisions of the courts are that taxes must be uniform, and must not be imposed alone or unequally upon particular individuals or

classes. The paramount object which the law seeks to insure in distributing the burdens of taxation is equality; and, although the property of a taxpayer is assessed at less than its true value, nevertheless, if it is assessed higher proportionately than other property, he has a just cause of complaint. It is hardly necessary to cite authorities upon this proposition, but see *Burnham v. Barber,* 70 Iowa 87.; *Barz v. Board of Equalization,* 133 Iowa 563; *Reiniger v. Board of Review,* 157 Iowa 193.

Appellant contends that the facts in the case at bar bring it within the rule laid down in the cases before referred to, and that, although it concedes that the value placed upon its property by the lower court, for assessment purposes, is less than the actual value thereof, nevertheless it is aggrieved and entitled to a further reduction in such valuation, because it is not assessed upon the same basis as other property, and because the assessed valuation as fixed by the court is higher proportionately to the true valuation than the assessed valuations of other property.

As stated, appellant contends that, as to lands, the average percentage which the assessed value is of the true value, is 37.55 per cent., this being the percentage which the total assessed value of all the tracts is of the total true value of all the tracts, and that the percentage for all property, including farm lands, other real estate and personal property, is 40.6 per cent.

2. Counsel · discuss the question, and it is a material inquiry in the case, as to whether the bridge in question is real estate, and whether it should be assessed upon the same basis as other lands and real estate in the county, or whether it should be assessed upon the basis of all property in the district or county. Appellant argues that the bridge is real property, and that, as farm lands constitute 86.2 per cent. of the total property in the district, and as 86.2 per cent. of all the property is valued at 37.55 per cent. of its true value, then

*2. TAXATION: inter-state bridges: how assessed and taxed.*

an unjust burden is cast upon appellant if its property is assessed at a greater ratio. On this point, appellee argues that, under the statute before quoted, bridges over this river are not classed as real estate nor as personal property, but as bridges; that the statute does not read that bridges shall be subject to assessment and taxation on the same basis as real property of individuals, nor as personal property of individuals, but on the same basis as property of individuals in the several counties where situated. In one sense, and strictly speaking, we suppose the bridge would be considered as real estate, but it is in a class by itself. It is not precisely like either farm lands or ordinary real estate, nor is it like personal property. We apprehend that this bridge should be assessed the same as like property under like conditions. The statute says that it shall be assessed and taxed on the same basis as property of individuals in the several counties where situated. Appellant's comparison is with farm lands alone, but there was other real estate, including city property, which was assessed and taxed. Ordinarily, we do not interfere with the judgment of the assessor in fixing the values of property; and yet in this case, the assessor testifies that he did not examine the real estate he assessed, but took the word of the owners as to the character and value. It is shown in the record that neither the assessor nor the board of review knew anything of the value of such property as the bridge in question. The amount fixed by the assessor in the first place was $800,000, and, upon appeal, the board of review required an affidavit from some officer of the company as to its value, and upon that affidavit alone reduced the figures of the assessor to $400,000. It is shown that, prior to the year in question, this bridge was assessed as real estate; but, as we understand the record on the assessment in question, it was listed under personal property. Property includes both real and personal property. The legislature could as readily have said that property of this character should be subject to assessment and taxation on the same basis as real property of individuals or

as personal property. This was not done. It was competent for them to say that it should be assessed on the same basis as property, as it did do, and we think it was the intent of the legislature that bridges should be assessed and taxed on the same basis as all property, real and personal.

3. No evidence was introduced by defendants as to value of the bridge or other property in the township or county. Counsel for appellee state in argument that a large portion of the testimony in the trial of the case below was to determine just where the boundary line was,—that is, to determine just what portion of the entire structure was taxable in Iowa and what in Illinois,—and this was the real issue. Plaintiff's witnesses do not all agree exactly, but there is no substantial dispute in the evidence as to values and the assessments of the different kinds of property, real and personal, in Eliot Township and other townships, and there is evidence on behalf of appellant tending to show that it is substantially the same in the entire county, and the testimony of appellee does not contradict this.

Elaborate tables have been prepared by appellant showing that the average assessed value per acre of lands is $51.50, and that the average true value per acre is $137.15, and that the percentage of the total assessor's value to total true value, to be exact, is 40.6 per cent. It will serve no useful purpose to set out these figures in detail, but it is enough to say that we think the tables are fair summaries of the testimony. In fact, appellees do not seriously dispute the correctness of the figures. In argument, they have another method of figuring. But we think the figures of appellee are based upon figures which are not borne out by the record. We shall not go into these figures in detail, either. They base their argument, in part at least, upon a statement introduced in evidence by one Blake, or read from the record rather, which is satisfactorily shown to be incorrect, when we turn to the evidence, and in part upon the claim that one witness fixed the valuation of

lands for assessment purposes at a fifty per cent. basis, whereas the witness said that it was assessed at from one third to one half of what it sells for. Appellees make their estimate upon the maximum limit given by this witness. They base their argument also upon the general statement of the assessor, to the effect that in his judgment the values which he placed on farm lands would be about one half of the actual value. But there is direct testimony as to the valuation placed by him upon particular tracts and the ratio which it bore to the true value thereof, which is much less than one half.

Without going into the evidence further, we are satisfied that the figures of appellant are fair and are substantially correct. Taking, then, the actual valuation of that part of the bridge taxable in Iowa at $502,000, we think the assessed value should be fixed at 40.6 per cent. thereof, or $203,812, and both sides concede that the taxable value is 25 per cent. of the assessed valuation.

4. It is claimed by appellees that an equitable estoppel has arisen against appellant in this matter, and that, as to Eliot Township at least, it accepted the values of farm lands as proper. The basis of such claim is that they contend that appellant appealed to the district court from the action of the board of review on the assessment of certain lands; but we do not understand that there was such an appeal. The paper which appellees claim is such a notice of appeal by appellant from the assessment of several tracts of land scheduled therein is as follows:

3. TAXATION: equalization of assessments: estoppel.

"To the Board of Equalization of Eliot Township, Louisa County, Iowa:

"The undersigned hereby make complaint to you of the assessment of the several tracts of land herein scheduled, and state that all of said assessments are too low and are below the fair market value of the land, and that each of said assessments should be raised to the fair market value of

the land as provided by law. We hereby request that you raise each and all of the said assessments as scheduled in Exhibit 'A' hereto attached.

"Dated April 7, 1911.

"The Iowa Central Railway Company,
"By C. A. Carpenter, its Attorney.
"D. S. Buffington, Justice of the Peace,
"By C. A. Carpenter, his Attorney."

Appellant contends that this is not an appeal at all, but is a complaint under Section 1373 of the Supplement to the Code, 1907, which provides, substantially, that any person aggrieved by the action of the assessor in assessing his property may make complaint before the board of review, and may appeal from the action of the board to the district court, or that any taxpayer may make complaint in respect to the assessment of any property in the township, etc. And we think this must be so. But, as we understand the record, when appellant appealed to the district court from the assessment of the bridge in question, a transcript in regard to the complaint before referred to was certified, and the transcript of the record as to the assessment of the bridge and the papers were all filed together and docketed as one case. Later, the two matters were docketed as two separate cases, and the case appearing on the docket in regard to the complaint was dismissed by appellant, and it is upon such dismissal that appellees base their claim of estoppel. We think there is no merit in the claim. The appellees in no manner changed their position by reason of the dismissal, if, indeed, there was anything to dismiss. Appellees had a right to file a pleading after the transcript was certified to the district court, and thus raise the question of estoppel. But this was not done. Ordinarily, an estoppel must be pleaded.

But, aside from this, we suppose that all the appellant was trying to do was to have its bridge assessed upon the

same basis as other property, either by lowering the assessment of the bridge or by making complaint that other property was assessed too low and asking to have it raised. Appellant clearly had the right to appeal to the district court from the action of the board of review in fixing the assessment of the bridge, and they were not compelled to follow the other remedy. The cause has been tried in equity and is triable *de novo* in this court.

We are of opinion that the assessment should be fixed as before indicated, and the cause is reversed. Appellant may have a decree in this court or in the district court, at its election, and in harmony with this opinion.—*Reversed.*

EVANS, C. J., DEEMER and LADD, JJ., concur.