NETTIE L. BENSON, Appellant, v. TOWN OF LECLAIRE et al., Appellees.

TAXATION: Undervalued but Inequitable Assessment. Assessing property at *less* than its actual value still leaves the taxpayer with a grievance, when it is made to appear that such property is assessed higher, proportionately, than other property in the same taxing district. Evidence reviewed, and held insufficient to show such inequality as to justify a disturbance of the assessment.

*Appeal from Scott District Court.*—F. D. LETTS, Judge.

FEBRUARY 18, 1919.

APPEAL from the judgment of the court below, affirming the finding of the town council of the incorporated town of LeClaire, sitting as a board of equalization.—*Affirmed.*

*Helmick & Boudinot*, for appellant.

*J. A. Hanley*, for appellees.

STEVENS, J.— On or about March 1, 1915, plaintiff purchased a 97-acre tract of farm land, lying within the limits of the incorporated town of LeClaire, for a consideration of $16,490. For the year 1913, this tract had been valued, for purposes of taxation, at $6,240, and for the year 1915, at $9,800. Plaintiff did not know that the assessed value was raised in 1915, until she went to pay her taxes in 1916. The land was assessed in 1917 at the same value as in 1915. Plaintiff appeared before the board of equalization in 1917,

and objected to the value fixed by the assessor, upon the ground that same was inequitable, and much higher than other lands of like character, similarly situated and used in the vicinity, were assessed.  The board declined to reduce the assessment, whereupon plaintiff appealed to the district court, where the assessment was also affirmed.

It is clear from the record that the value fixed upon the lands of appellant for purposes of taxation is much below its market value; but this is not controlling, if the assessed value thereof, compared with other lands in the immediate vicinity similarly situated and used, is inequitable. *Iowa Cent. R. Co. v. Board,* 176 Iowa 131; *Barz v. Board,* 133 Iowa 563; *Burnham v. Barber,* 70 Iowa 87, 90.

Some evidence was offered, tending to show that plaintiff's tract is somewhat broken, and that some of it is not suitable for cultivation.  No evidence was offered of the market value of the several tracts referred to in the evidence, in comparison with which it is claimed that the assessment of plaintiff's lands is inequitable, but evidence was offered from which the inference may be drawn that the topography of the several tracts is quite similar, and that all were about equally suitable for cultivation.  The land in question contained but meager improvements, and is used for agricultural purposes.  The several tracts with which comparison is sought were generally of much smaller acreage.  One contained but 5 acres, and the largest, 32 acres.  The assessed value of the several tracts for 1913 and 1917 is shown, from which it appears that all but one were assessed upon the basis of a considerably higher value in 1917 than in 1913.  Some of the smaller tracts were used principally for residence purposes, and all of them, because of their smaller area and use, may have been relatively of less market value.  Plaintiff's land was assessed at a trifle over $100 per acre; the other tracts, at from about $60 to $80 per acre.  We may assume that none were assessed at

their full value. Presumptively, the value fixed by the board of equalization is equitable, and the burden rested upon appellant to overcome this presumption. *Frost v. Board,* 114 Iowa 103; *First Nat. Bank v. City Council,* 136 Iowa 203; *King v. Parker,* 73 Iowa 757.

It is obvious that no great inequality was shown, and there is nothing to indicate that the assessor or board of equalization did not proceed according to their best judgment in fixing the value of the land for taxation.

It is further argued by counsel for appellant that the court committed error in not permitting the assessor, who was called as a witness, to answer certain questions propounded to him. Whether the ruling of the court was correct or not, favorable answers thereto could not have changed the result. The witness did not claim to know the value of the respective tracts, and he was not asked to give his opinion upon that matter. If some inequality is shown in the evidence, it is slight, and does not justify a reversal.—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.