Dan LUNDY, Individually, and on Behalf of all others similarly situated, Appellant,

v.

IOWA DEPARTMENT OF HUMAN SERVICES, Appellee.

No. 85–208.

Supreme Court of Iowa.

Nov. 13, 1985.

894

Dennis Groenenboom and Martin Ozga, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Candy Morgan, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, SCHULTZ and WOLLE, JJ.

McCORMICK, Justice

This appeal involves a challenge to agency rulemaking procedures. The federal government made funds available to states to administer a work registration and job search program for food stamp recipients. Petitioner Dan Lundy, an Iowa food stamp recipient, filed a petition for judicial review for himself and as a purported class action alleging that respondent Iowa Department of Human Services violated rulemaking requirements of the Iowa Administrative Procedures Act (IAPA) in entering and implementing a work registration and job search program in Iowa. The department filed a motion to dismiss the petition which the district court sustained. We reverse the district court.

The question is whether the district court's ruling can be sustained on the grounds either that petitioner is not a person "who is aggrieved or adversely affected by any final agency action" or has not "exhausted all adequate administrative remedies." Only a person or party who meets both these requirements is entitled to judicial review under the IAPA. *See* Iowa Code § 17A.19(1) (1985). Because we are reviewing a district court ruling sustaining a motion to dismiss, we view the allegations of the petition in their light most favorable to petitioner, resolve doubts in his favor, and will uphold the ruling only if he could not establish his right to judicial review under any state of facts provable under the allegations of the petition. *See Curtis v. Board of Supervisors of Clinton County,* 270 N.W.2d 447, 448 (Iowa 1978). At issue is petitioner's right of access to district court, not the merits of his allegations.

I. *Whether petitioner is not a person aggrieved or adversely affected by any final agency action.* The challenged agency action in the present case is rulemaking. Petitioner alleged the department violated the procedural requirements of section 17A.4 in adopting the challenged rules. Under the allegations of the petition the department action in adopting the rules was complete. Thus we take it as true that the petition attacks final agency action. We believe we must also take it as true that petitioner was aggrieved or adversely affected.

Petitioner alleged he is a food stamp recipient subject to the invalid rules. He alleged that the department exercised an option to enter the mandatory work registration and job search program. Because of insufficient funds the department could not implement the program for all food stamp recipients. As a result the department adopted a policy of requiring the first 2,461 food stamp recipients each month whose social security numbers ended with

certain digits to seek work through the Iowa Department of Job Service. Petitioner alleged the departmental decisions in entering and implementing the program constituted rulemaking which is invalid because of noncompliance with the public participation and other procedural requirements of section 17A.4.

■ To show he was aggrieved or adversely affected by the agency action, petitioner must demonstrate a specific, personal and legal interest in the subject matter and a special and injurious effect on such interest. *See City of Des Moines v. Public Employment Relations Board,* 275 N.W.2d 753, 759 (Iowa 1979). Obviously petitioner's allegations showed he had an interest in the agency action that distinguished him from members of the community at large. *Id.* Moreover, the fact he is subject to the allegedly invalid rules demonstrates the requisite injurious effect. *Id.*

■ We note that a person or party challenging agency rulemaking procedures under section 17A.4 is not required to show personal prejudice. *See Iowa Bankers Association v. Iowa Credit Union Department,* 335 N.W.2d 439, 447 (Iowa 1983). We do not address petitioner's right to maintain a class action. His motion for certification of the case as a class action was not ruled on and the issue is not before us. *See* Iowa R.Civ.P. 42.2.

We hold that the district court ruling cannot be upheld on the ground that petitioner is not a person aggrieved or adversely affected by final agency action.

II. *Whether petitioner has not exhausted all adequate administrative remedies.* Failure of an agency to comply substantially with the procedural requirements of section 17A.4 makes the resulting rule invalid. Section 17A.4(3) provides:

No rule adopted after July 1, 1975, is valid unless adopted in substantial compliance with the above requirements of this section. However, a rule shall be conclusively presumed to have been made in compliance with all of the above procedural requirements of this section if

it has not been invalidated on the grounds of noncompliance in a proceeding commenced within two years after its effective date.

The General Assembly obviously contemplated that the rule would be attacked in a "proceeding" initiated for that purpose. The issue here is whether such proceeding must be brought before the agency or whether it may be brought in district court as in the present case.

This court has entertained at least two cases in which a challenge to rulemaking was initiated by judicial review proceedings in district court. Parole revocation rulemaking was challenged directly in *Airhart v. Iowa Department of Social Services,* 248 N.W.2d 83 (Iowa 1976), and credit department rulemaking was challenged directly in *Iowa Bankers Association v. Iowa Credit Union Department,* 335 N.W.2d 439 (Iowa 1983). The exhaustion issue, however, was not raised or addressed in those cases.

■ Before an exhaustion requirement can be imposed, two conditions must be met: "An administrative remedy must exist for the claimed wrong, and the statutes must expressly or impliedly require that remedy to be exhausted before resort to the courts." *Rowen v. LeMars Mutual Insurance Company,* 230 N.W.2d 905, 909 (Iowa 1975). In the present case, the department contends petitioner was required to exhaust either his right to a contested case proceeding, his right to petition for the adoption of rules, or his right to petition for a declaratory ruling.

■ It is true that petitioner would be entitled to litigate the validity of the rules in a contested case if the rules were applied to him. Nevertheless section 17A.4(3) plainly allows an attack on the validity of rules based on rulemaking infractions without waiting for a contested case to arise. *See Iowa Bankers Association,* 335 N.W.2d at 444 ("We believe the legislature intended to make a judicial remedy available to any person or party who can show the requisite injury.") Our determination of this issue is unaffected by the depart-

ment's out-of-the-record assertion that petitioner is a party in a contested case involving application to him of the challenged rules. Questions concerning the effect of that proceeding are not implicated in the exhaustion argument. We find that petitioner was not barred from challenging the agency action by his right to attack the rules in a contested case if they were applied to him.

■■■ Nor do we perceive an exhaustion requirement in petitioner's right to petition for rulemaking under section 17A.7. He was not interested in advocating promulgation, amendment or repeal of rules as substantive matters. This distinguishes the present case from *Schmitt v. Iowa Department of Social Services*, 263 N.W.2d 739 (Iowa 1978). Instead petitioner sought only to challenge the validity of the rules on procedural grounds. While a petition for repeal of the rules might have been a way to present the issue to the department, section 17A.7 is not designed as a means for challenging the validity of rules. A petition for repeal assumes a valid rule is in place. It also assumes the agency admits its challenged policies and practices constitute rules, which in this case it does not. We find no legislative intention that a petition for rulemaking be brought as a condition precedent to a judicial review action challenging the validity of rules on procedural grounds.

■■ We reach the same conclusion regarding the declaratory ruling provision of section 17A.9. That provision requires agencies to "provide by rule for the filing and prompt disposition of petitions for declaratory rulings as to the applicability of any statutory provision, rule or other written statement of law or policy, decision or order of the agency...." Petitioner attacks the validity of the alleged rules on procedural grounds, not their applicability in a particular state of facts. The present situation is thus distinguishable from that in *City of Des Moines v. Des Moines Police Bargaining Unit Association*, 360 N.W.2d 729 (Iowa 1985).

We find no basis for holding that the legislature either provided an adequate administrative remedy or intended that an administrative remedy be exhausted before a judicial review proceeding can be initiated in district court to challenge procedural irregularities in agency rulemaking pursuant to section 17A.4(3). Instead, we believe the purposes of section 17A.4(3) are furthered by permitting the challenge to be commenced by a judicial review petition in district court. This court has noted:

> The purpose of section 17A.4(3) is to enforce strict compliance with statutory rule-making procedures, in view of the tendency by some administrators to skirt the requirements. [citation] The provision effects the general IAPA purposes of increasing public accountability of agencies, fostering public participation in rule-making, and assuring agency adherence to a uniform minimum procedure. [citation] We are instructed to broadly construe the IAPA in furtherance of these purposes. [citation]

*Iowa Bankers Association*, 335 N.W.2d at 447.

Section 17A.4(3) is derived from the Revised Model State Administrative Procedure Act. *See Revised Model Administrative Procedure Act* § 3(c), 14 U.L.A. 387 (1980). At least one commentator on the model act believes the challenge under the provision is to be made in court. *See* 1 F. Cooper, *State Administrative Law* 206–07 (1965). Professor Bonfield obviously interprets the Iowa provision in the same way:

> [T]he two year statute of limitation bars invalidation of an agency rule because of procedural failures only as to those proceedings that have not been commenced in an appropriate court within two years of the rule's effective date; the actual invalidation may finally occur several years later when those proceedings that have been timely filed have been finally terminated. ... Consequently, an agency whose rule has been held void in any Iowa District Court proceeding (or Federal District Court proceeding) commenced within two years from the time the rule was issued must take action if it wishes

to save the rule; it must appeal the lower court decision.

A. Bonfield, *The Iowa Administrative Procedures Act: Background, Construction, Applicability, Public Access to Agency Law, The Rulemaking Process,* 60 Iowa L.Rev. 731, 874–75 (1975).

We find no merit in the department's exhaustion argument.

We hold that the district court erred in sustaining the department's motion to dismiss.

REVERSED.