R.K. RICHARDS, Appellant,

v.

IOWA DEPARTMENT OF REVENUE AND FINANCE, Appellee.

No. 89–988.

Supreme Court of Iowa.

April 18, 1990.

R.K. Richards, Ames, pro se.

Thomas J. Miller, Atty. Gen., and Harry M. Griger, Sp. Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

Northcrest, Inc., owns and operates a nonprofit community for elderly people in Ames, Iowa. Northcrest was allowed an exemption from property taxes because it qualified as a charitable institution. R.K. Richards has attempted for several years to get the Iowa Department of Revenue and Finance to revoke Northcrest's exemption. *See Richards v. Iowa Dep't of Revenue & Fin.*, 414 N.W.2d 344 (Iowa 1987); *Richards v. Iowa Dep't of Revenue & Fin.*, 362 N.W.2d 486 (Iowa 1985).

Richards brought the present suit pursuant to Iowa Code section 427.1(26)(1987). This section allows any taxpayer to apply to the director of revenue and finance for revocation of any property tax exemption. Richards alleged that Northcrest should not be allowed a charitable exemption for tax year 1982 because it was not being run for charitable purposes. The director held a hearing on Richards' claims and sustained the exemption.

Richards filed a petition for judicial review and challenged the department's standing in district court. The department of revenue filed a motion to dismiss on the ground that Richards lacked standing. The district court agreed and dismissed the petition. Richards appealed.

Because we are reviewing a district court ruling sustaining a motion to dismiss, we view the allegations of the petition in the light most favorable to the petitioner, resolve doubts in his favor, and will uphold the ruling only if he could not establish his right to judicial review under any state of facts provable under the allegations of the petition. *Lundy v. Iowa Dep't of Human Servs.*, 376 N.W.2d 893, 894 (Iowa 1985). At issue is petitioner's right of access to the district court, not the merits of his allegations. *Id.*

I. *Reviewability of Orders Upholding Property Tax Exemptions.*

Although identified as a question of *standing*, the question presented also involves *reviewability* of agency action. We begin with the strong presumption of reviewability of agency action contained in Iowa Code section 17A.19(1): "A person or party who has exhausted all adequate administrative remedies and who is aggrieved or adversely affected by any final agency action is entitled to judicial review thereof under this chapter." Agency action is reviewable "[e]xcept as expressly provided otherwise by another statute referring to this chapter by name." Iowa Code § 17A.19.

The Iowa Administrative Procedure Act (IAPA) is referred to by name in Iowa Code section 427.1(26): "[A]ny order made by the director of revenue and finance *revoking* or *modifying* an exemption is subject to judicial review in accordance with the Iowa administrative procedure Act." (Emphasis added). No expressed provision is made for the review of orders *upholding* an exemption.

■ Ordinarily the express mention of one thing implies a legislative intent to

exclude other things. However this maxim of statutory construction applies only where legislative intent may be inferred or implied. By statute, persons aggrieved by agency action are entitled to judicial review unless "expressly provided otherwise." Iowa Code § 17A.19. This provision leaves no room for implication. Since the statute fails to expressly preclude judicial review of orders upholding an exemption, the presumption of reviewability of agency action controls. A person or party aggrieved or adversely affected by agency action upholding a tax exemption is entitled to judicial review upon exhausting administrative remedies.

## II. *Richards' Standing to Obtain Judicial Review.*

■■■ To show aggrievement entitling one to judicial review, a party must demonstrate "(1) a specific personal and legal interest in the subject matter of the agency decision and (2) a specific and injurious effect on this interest by the decision." *Iowa Power & Light Co. v. Iowa State Commerce Comm'n*, 410 N.W.2d 236, 239 (Iowa 1987). The party only needs to show some injury to an interest which is distinguishable from that of the general public. *Id.* · A party may have standing without being the primary object of the agency action. *Id.*

We recognize a person may be a proper party to agency proceedings and not have standing to obtain judicial review. This is evident from the language of the statute allowing only a "party ... who is aggrieved or adversely affected" by agency action to obtain review. Iowa Code § 17A.19(1). *Cf.* Model State Admin.Procedure Act (1981) § 5–106(a)(2), 14 U.L.A. 146 (Supp. 1990) (a person who was a party to the agency proceedings has standing to obtain judicial review). Richards was a proper party to the agency proceedings under Iowa Code section 427.1(26): "Any taxpayer ... may make application to the director of revenue and finance for revocation for any exemption, based upon alleged violations of this chapter." Of itself, this provision does not give Richards standing to obtain judicial review. However, the provision does evidence a legislative intent to allow concerned taxpayers to challenge the tax exemption granted another's property.

■■■ Richards alleges two distinct interests in seeking revocation of Northcrest's tax exemption. First, he alleges a general interest in proper application of the property tax exemption statute to the Northcrest real estate. This general interest cannot support standing to obtain judicial review. Second, he alleges a taxpayer's pecuniary interest as an owner of taxable property in the city of Ames. Richards states the following in his resistance to the department's motion to dismiss:

> [T]he petitioner is aggrieved and adversely affected by the exemption from property tax of any property in the petitioner's taxing district, namely the City of Ames and Story County, in that taxpayers (other than the owners of tax-exempt property) are then obliged to pay larger amounts of taxes than would be necessary in the absence of tax exemption, and the petitioner is one of said taxpayers.

Since Richards may yet prove this state of facts under the allegations of his petition, we next consider whether his pecuniary interest would support standing to obtain judicial review.

At the outset, we distinguish the cases of *Barz v. Board of Equalization*, 133 Iowa 563, 111 N.W. 41 (1907), and *In re Appeal of Des Moines Water Co.*, 48 Iowa 324 (1878). In those cases we addressed the availability of specific legal remedies and not the sufficiency of a taxpayer's interest to confer standing.

The department argues that Richards' interest is no greater than that of the public as a whole. We have distinguished those cases which hold that the fact of owning taxable property does not distinguish an individual's interest from that of every other resident and does not give the complaining party standing in court. *Collins v. Davis*, 57 Iowa 256, 258, 10 N.W. 643, 644 (1881). We recognized a different rule has been adopted in this state. *Id.* In *Burnham v. Barber*, 70 Iowa 87, 30 N.W.

20 (1886), we held the taxpayer's pecuniary interest was sufficient to maintain a cause of action:

> Now, how is the plaintiff aggrieved? Clearly, we think, in assessing his [unimproved] property at a greater valuation than it should be when the valuation fixed upon improved lands is fixed at the same as his. Because of such assessment the burden of taxation cast upon the plaintiff is greater than it would be if the improved lands had been fixed at their true value.

70 Iowa at 90, 30 N.W. at 22.

In *Pierce v. Green*, 229 Iowa 22, 294 N.W. 237, 131 A.L.R. 335 (1940), we considered whether a taxpayer had sufficient interest to maintain a mandamus action to compel the State Tax Commission to assess all property at its actual value instead of a fraction of its value. We stated:

> One does not need a pencil to calculate that such conduct on the part of the defendants was an unjust and unfair discrimination against the plaintiff and those in like situation, causing them to pay a larger share of the tax burden in proportion to the valuation of their property, than those assessed and taxed on a less percentage evaluation, thereby causing damage and injury to the plaintiff and those in like situation which will continue under the expressed intention of the defendants. We think the record clearly shows that the plaintiff has alleged and shown such interest as to entitle him ... to bring this action.

229 Iowa at 39, 294 N.W. at 248, 131 A.L.R. at 350. *See* Annot., *Standing of One Taxpayer to Complain of Underassessment or Nonassessment of Property of Another for State and Local Taxation*, 9 A.L.R.4th 428 (1981 & Supp.1989).

Although these cases dealt with underassessment of another's property, the taxpayer's pecuniary interest in this case is substantially the same. Whether the property of another is entirely exempted or merely underassessed, the taxpayer's tax burden is greater because of the exemption or underassessment. We hold that Richards' pecuniary interest as a taxpayer entitles him to judicial review of the order upholding the tax exemption granted Northcrest's property.

III. *Agency Standing on Judicial Review.*

 The department clearly has standing to appear and to respond to a petition for judicial review of agency action filed in district court. The IAPA requires the petition for review to name the agency as respondent. Iowa Code § 17A.19(4). Once named as a respondent, the agency is a proper party and, as such, may exercise all the rights and responsibilities of a party to a judicial review proceeding.

REVERSED AND REMANDED.