# IN THE COURT OF APPEALS OF IOWA

No. 19-0094
Filed September 11, 2019

**GARY DICKEY JR.,**
    Plaintiff-Appellant,

**vs.**

**IOWA ETHICS AND CAMPAIGN DISCLOSURE BOARD,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

Gary Dickey Jr. appeals from the dismissal of his petition for judicial review.

**AFFIRMED.**

Gary Dickey of Dickey & Campbell Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and David M. Ranscht, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Gary Dickey Jr. appeals from the dismissal of his petition for judicial review by which he sought to challenge a decision of the Iowa Ethics and Campaign Disclosure Board. Because we agree with the district court that Dickey has not demonstrated "a specific and injurious effect" such that he may obtain judicial review of the Board's ruling under Iowa Code section 17A.19(1), we affirm.

On December 30, 2017, Governor Kim Reynolds, her husband, and two of the Reynolds's adult children traveled to Memphis, Tennessee, on a plane provided by David North. While in Memphis, Governor Reynolds engaged in activities related to her election campaign and attended the Liberty Bowl, a college football game. In its January 19, 2018 disclosure report, Governor Reynolds's campaign committee—Kim Reynolds for Iowa—reported receiving an in-kind contribution in the form of a flight from North in the amount of $2880..

Dickey filed a complaint with the Board alleging the Reynolds campaign underreported the fair market value of the flight. The Board met on September 20 to discuss this issue. The Board ultimately dismissed Dickey's complaint, concluding that it was not "legally sufficient" because it did not provide facts that would establish a violation of a provision of Iowa Code chapter 68A or 68B, Iowa Code section 8.7,[1] or administrative rules adopted by the Board. A copy of the Board's order dismissing Dickey's complaint was mailed to Dickey on September 24, 2018.

---

[1] All references are to the 2017 Iowa Code.

On October 9, Dickey filed a petition for judicial review, asserting the Reynolds campaign undervalued the in-kind contribution from North and alleging it was wrong for the Board to dismiss his complaint. Dickey asked the district court to "reverse the Board's order, award a judgment with costs assessed to the Board, and remand with instructions to process the complaint in accord with the requirements of Iowa Code section 68B.32B."

The Board responded by filing a pre-answer motion to dismiss, alleging Dickey lacks standing to seek judicial review of the Board's decision to dismiss his complaint. Dickey filed a resistance to the motion to dismiss and a declaration. In the declaration, Dickey declares he has served as counsel to numerous candidate committees and is currently the treasurer for a Des Moines city council member; he regularly reviews campaign disclosure reports filed with the Board both in his personal and professional capacities; and campaign disclosure reports "aid in [his] evaluation of candidates for public office." He further states he "find[s] access to accurate campaign finance information necessary for [him] to evaluate the gubernatorial candidates and track whether a candidate's most generous donors receive special favors in return."

The district court granted the motion to dismiss, concluding Dickey was not a person "aggrieved or adversely affected" by the Board's final action, as required by Iowa Code section 17A.19(1). Dickey appeals.

Iowa Code chapter 68B contains no provision expressly authorizing complainants to seek judicial review if their complaint is dismissed by the Board. *Cf. Fed. Election Comm'n v. Akins*, 524 U.S. 11, 19 (1998) (noting Federal Election Campaign Act allows "'[a]ny party aggrieved by an order of the Commission

dismissing a complaint filed by such party . . . [to] file a petition' in district court seeking review of that dismissal" (quoting 2 U.S.C. § 437g(a)(8)(A))). Instead, Iowa Code chapter 68B allows judicial review only in accordance with chapter 17A. Iowa Code § 68B.33 ("Judicial review of the actions of the board may be sought in accordance with chapter 17A.").

"Judicial review is available to '[a] person or party who has exhausted all adequate administrative remedies and who is aggrieved or adversely affected by any final agency action.'" *Iowans for Tax Relief v. Campaign Fin. Disclosure Comm'n*, 331 N.W.2d 862, 863 (Iowa 1983) (quoting Iowa Code § 17A.19(1).

> To show aggrievement entitling one to judicial review, a party must demonstrate "(1) a specific personal and legal interest in the subject matter of the agency decision and (2) a specific and injurious effect on this interest by the decision." The party only needs to show some injury to an interest which is distinguishable from that of the general public.

*Richards v. Iowa Dep't of Revenue & Fin.*, 454 N.W.2d 573, 575 (Iowa 1990) (citations omitted).

> The second requirement—the plaintiff must be injuriously affected— means the plaintiff must be "injured in fact." *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 689 n.14 (1973) (stating "injury in fact" reflects the requirement under the administrative procedure act that the person be "adversely affected," and "it serves to distinguish a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem"). This requirement recognizes the need for the litigant to show some "specific and perceptible harm" from the challenged action, distinguished from those citizens who are outside the subject of the action but claim to be affected.

*Godfrey v. State*, 752 N.W.2d 413, 419 (Iowa 2008).

Here, after discussing the pertinent considerations, the district court concluded Dickey had established a "specific and legal interest" in the subject

matter of the Board's decision—"Dickey's status as a user of campaign disclosure reports creates a sufficiently distinct personal interest in the matter presented here that is different from the public in general."

The district court, however, concluded Dickey had failed to establish he had suffered an "injury in fact":

> The committee has reported the in-kind contribution and its estimated value. Mr. Dickey has access to that reported value and is free to disagree with that reported value. He has not suffered the kind of injury the United States Supreme Court (the Supreme Court) recognized in *Federal Election Commission v. Akins*, 524 U.S. 11, 24–25 (1998) [(concluding respondents' inability to obtain information constituted an "injury in fact")].
> . . . .
> . . . The Reynolds campaign has disclosed the nature of the in-kind contribution, the value of the contribution and the name of the contributor. Under the record presented, neither [Iowa Administrative Code rule 351-]4.47(4)[2] nor subrule 4.47(1)[3] is outcome determinative. Mr. Dickey has not been deprived of any information. He simply disagrees with the reported valuation. The quotes he obtained demonstrate that he can independently evaluate the reported value.

---

[2] Iowa Administrative Code rule 351-4.47(4)—on which the Board relied—provides, in part:

> *Use of airplanes and other means of transportation.*
> (a) Air travel. A candidate, candidate's agent, or person traveling on behalf of a candidate who uses noncommercial air transportation made available by a corporate entity shall, in advance, reimburse the corporate entity as follows:
> (1) Where the destination is served by regularly scheduled commercial service, the coach class airfare (without discounts).
> (2) Where the destination is not served by a regularly scheduled commercial service, the usual charter rate.

[3] Rule 351.4.47(1)—on which Dickey relied—provides:

> *Purchase or rental of office facility.* A candidate's committee or any other committee that expressly advocates the election or defeat of a candidate may purchase or rent property belonging to a corporate entity, so long as the purchase or rental is at fair market value. For the purpose of this subrule, "fair market value" means the amount that a member of the general public would expect to pay to purchase or rent a similar property within the community in which the property is located.

In Maine—a jurisdiction with a similar administrative statutory review provision—the supreme court concluded the person requesting judicial review of a campaign commission's actions lacked standing under the Maine Administrative Procedure Act (MAPA). *Lindemann v. Comm'n on Governmental Ethics & Election Practices*, 961 A.2d 538, 543 (Me. 2008) ("Because the Commission did not fail or refuse to act and Lindemann is not 'aggrieved' by the Commission's decision, we conclude that MAPA does not confer standing on Lindemann to appeal from the Commission's decision."); *id.* at 545 ("While there is an express provision in MAPA allowing for the judicial review of agency decisions, MAPA limits standing to petition for judicial review to those who are 'aggrieved.'  As we have explained, Lindemann is not aggrieved, and thus has no right of judicial review under MAPA.").

We agree with the district court Dickey has not demonstrated "a specific and injurious effect" such that he may obtain judicial review of the Board's ruling.  We therefore affirm.  *See Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 888–89 (Iowa 2014) ("The district court acts in an appellate capacity when reviewing the [agency's] decisions to correct errors of law.  'On appeal, we apply the standards of chapter 17A to determine whether we reach the same conclusions as the district court.  If we reach the same conclusions, we affirm; otherwise we may reverse.'" (citations omitted)).

**AFFIRMED.**